IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2005 JUL -1  A 11: 32

| | |
|---|---|
| **MARY BLOODSWORTH and JERRY BLOODSWORTH,** ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | CASE NO. 2:05CV622-D |
| **SMITH & NEPHEW, INC. et al.,** ) ) ) ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Defendant Smith & Nephew, Inc. ("Smith & Nephew"), files this Notice of Removal in this action on the basis of the following facts that demonstrate subject matter jurisdiction in this Court:

1. This action was commenced by plaintiffs Mary Bloodsworth and Jerry Bloodsworth (the "Bloodsworths") in the Circuit Court of Montgomery County, Alabama on May 31, 2005. (Copies of all process and pleadings filed in the state court are attached hereto as Exhibit A.)

2. Smith & Nephew was served by certified mail with a Summons and Complaint on June 1, 2005, and defendant Donnie Lanier was served by certified mail with a Summons and Complaint on June 7, 2005. As shown in the state court file, Spar Medical, Inc. ("Spar") has not been served in this action. Thus, this Notice of Removal is timely because it is being filed within thirty days of June 1, 2005, the date of service of the initial pleading setting forth the purported claims for relief. 28 U.S.C. §1446(b).

3.  As more fully described below, this Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and complete diversity of citizenship exists between the properly joined parties.

**The Amount in Controversy Exceeds $75,000.00.**

4.  This action involves orthopedic implants that were manufactured, distributed and sold by Smith & Nephew. The implants were intended for use as a total hip replacement. Mrs. Bloodsworth contends that she was implanted with the subject hip replacement on or about June 2, 2003, and that the hip replacement failed, necessitating additional surgery and causing injuries to her. (Complaint, ¶ G). Mrs. Bloodsworth also claims that at a later time she was implanted with a "retaining lining and ring," which also failed. (Complaint, ¶ G).

5.  Although the Complaint does not specify a monetary demand, Mrs. Bloodsworth is seeking to recover for injury to her left hip that she alleges has caused her to suffer "physical pain and mental anguish" and has further caused her "to lose money (medical expenses, and lost wages or benefits)." (Complaint, ¶ 10). Mrs. Bloodsworth seeks to recover both compensatory and punitive damages. (Complaint, p. 7). In addition, Mr. Bloodsworth, makes a claim for loss of consortium. (Complaint, ¶ 11).

6.  Under Alabama law, by bringing a civil action for physical injury, Mrs. Bloodsworth can claim and recover punitive damages of up to $1,500,000 or three times the amount of compensatory damages, whichever is greater. Ala. Code § 6-11-21(d). Accordingly, the amount and nature of compensatory damages to which Mrs. Bloodsworth alleges she is entitled, combined with her allegations of intentional conduct and the corresponding punitive damages she is seeking,

2

demonstrate that the amount in controversy clearly exceeds the jurisdictional minimum of $75,000.

7.   Alabama courts routinely uphold awards far in excess of $75,000 for actual and punitive damages in personal injury actions. *See, e.g., Hobart Co. v. Scroggins*, 776 So. 2d 56 (Ala. 2000) (affirming award of $250,000 in compensatory damages on claim under Alabama Extended Manufacturers Liability Doctrine ("AEMLD")); *Hill Mfg. Co. v. Webb*, 724 So. 2d 1137 (Ala. 1998) (affirming award of $300,000 in compensatory and $600,000 in punitive damages on claim under AEMLD); *Wal-Mart Stores, Inc. v. Robbins*, 719 So. 2d 245 (Ala. Civ. App. 1998) (affirming award of $10,000 in compensatory damages and $190,000 in punitive damages caused by ingestion of prescription drug).

**There is Complete Diversity Between the Parties**

**A.   Smith & Nephew**

8.   Smith & Nephew is a Delaware corporation with its principal place of business in Memphis, Tennessee.

9.   Accordingly, there is complete diversity between the Bloodsworths, who are Alabama residents, and Smith & Nephew, the only properly served and non-fraudulently joined defendant.

**B.   Spar Medical, Inc. Has Not Been Properly Served and is Fraudulently Joined as a Defendant.**

10.   As shown in the state court file, Spar has not been served in this action. Therefore, its citizenship should not be considered for purposes of determining diversity. 28 U.S.C. § 1441(b).

11.   Moreover, although Spar is an Alabama corporation, it is a fraudulently joined defendant whose citizenship must be disregarded by this Court. *See, e.g., Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). A defendant is fraudulently joined when there

is no "reasonable basis for predicting" that a state court might impose liability on the resident defendant. *Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997). There is no reasonable basis for predicting that the Bloodsworths will prevail on the claims asserted against Spar because there is no legal or factual basis for holding Spar liable under Alabama law.

12. Spar was not part of the distribution chain of the products made the subject of this action. With respect to the type of products made the subject of this action, the treating physician places his order with one of Smith & Nephew's orthopedic device representatives, who then forwards the order to Smith & Nephew. Smith & Nephew directly bills the hospital and the hospital pays Smith & Nephew directly. The subject products are shipped to the orthopedic device representative and are delivered by the representative. (Lanier aff., ¶¶ 2-3)[1].

### C. Donnie Lanier is Fraudulently Joined as a Defendant.

13. At all times relevant to this action, Donnie Lanier was an independent contractor who worked as an orthopedic device representative for Smith & Nephew. (Lanier aff., ¶ 1).

14. There is no reasonable basis for predicting that Donnie Lanier would be held liable because, under Alabama law, there is no cause of action against product representatives for injuries caused by the products they represent. *See In re Rezulin Products Liability Litigation*, 133 F. Supp. 2d 272, 287 (S.D.N.Y. 2001) ("*Rezulin I*") (applying Alabama law and finding resident pharmaceutical representatives fraudulently joined in claims for product liability under the AEMLD, negligence, wantonness, misrepresentation, and suppression). An AEMLD claim may be asserted only against manufacturers and sellers of the product at issue. *See Turner v. Azalea Box Co.*, 508 So. 2d 253, 254 (Ala. 1987) ("In an AEMLD action, the plaintiff must prove that the defendant

---

[1] The Affidavit of Donnie Lanier is attached hereto as Exhibit B.

manufactured and/or sold the allegedly defective product.") Since Donnie Lanier is neither a manufacturer nor a seller of the products made the subject of this action, he cannot be held liable under the AEMLD. *Rezulin I*, 133 F. Supp. 2d at 287 (AEMLD claim is not cognizable against sales representatives); *Tillman v. R. J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) (AEMLD claim and claims of negligence, wantonness, and civil conspiracy are not cognizable against individual sales representatives employed by defendant cigarette manufacturer). The AEMLD does not impose liability on the lower level employees of a seller or supplier, because "neither the applicable case law nor the policy objectives articulated by Alabama and other states courts can support the extension of the AEMLD to encompass [employees of the seller or supplier]." *Bowman v. Coleman Co., Inc.*, No. 96-0448-P-C, Slip Op. At 8 (S.D. Ala. Sept. 3, 1996)[2] (resident manager of retail store fraudulently joined in complaint asserting AEMLD claim). Accordingly, since there is no legal basis for the claims made against him, Donnie Lanier is fraudulently joined.

15.     Moreover, to state a claim under the AEMLD, the Bloodsworths would have to prove, among other elements, a causal connection between Donnie Lanier's activities and the allegedly defective condition of the products. *See Casrell v. Altec Industries, Inc.*, 335 So. 2d 128, 132, 134 (Ala. 1976). If an individual simply passes along a packaged, finished product through the distribution chain, this causal connection is absent and the individual has a complete defense, known as the "sealed container" or "no causal connection" defense. *Id.* at 132. In this case, even if the Bloodsworths could establish that the subject products were defective and caused their alleged injuries, their claims against Donnie Lanier fail because he took no action that caused or contributed in any way to any alleged defect in the subject product. Donnie Lanier had no involvement in the

---

[2] Copies of all unpublished opinions are attached hereto as Exhibit C.

design, manufacture, or quality control inspection of the subject products. (Lanier aff., ¶ 4). Instead, the subject products were shipped directly from the manufacturer, Smith & Nephew, and delivered to Donnie Lanier as a finished product in a sealed shipping case. (Lanier aff., ¶ 3). Each component of the implant remains individually sealed until it is opened in the operating room at the request of the treating physician. (Lanier aff., ¶ 3). A nurse unwraps and hands the requested component to the physician. (Lanier aff., ¶ 3). Any additional assembly performed on any of the components is performed by the treating physician in the operating room. (Lanier aff., ¶ 3). Any inspection of the products by Donnie Lanier prior to implantation would have been limited to confirming that the correct products had been shipped by Smith & Nephew. (Lanier aff., ¶ 4).

16.     The sealed container defense is not only a complete defense to the Bloodworths' AEMLD claim against Donnie Lanier, but it is also a complete defense to their claims of negligence, recklessness, and wantonness against him. To prevail on a claim of negligence, recklessness, or wantonness, the Bloodsworths must prove that Donnie Lanier's actions proximately caused the their alleged injuries. *Morris v. Merritt Oil Co.*, 686 So. 2d 1139 (Ala. 1996). As demonstrated with respect to the Bloodsworths' AEMLD claim, there is no causal connection between Donnie Lanier's actions and the Bloodsworths' alleged injuries.

17.     Moreover, the Bloodsworths make no specific factual allegations regarding any conduct of Donnie Lanier with respect to any of their claims. Instead, the Bloodsworths make only broad conclusory assertions by simply lumping him together with Smith & Nephew. *See, e.g.,* Complaint ¶ 1 ("Smith & Nephew, Spur [sic] Medical, and Mr. Lanier manufactured, distributed, marketed, promoted, and sold the product, which was in a defective condition and was unreasonably dangerous when applied to its intended use in the usual and customary manner."). Such allegations

are not sufficient to state a factual basis for any claim against Donnie Lanier. *See, e.g., Lizana v. Guidant Corp.*, Civ. No. 1:03cv254, slip op. at 5 (S.D. Miss. Jan. 21, 2004) (finding sales representative fraudulently joined, and observing that a "plaintiff wishing to defeat a fraudulent joinder claim must plead specific facts and avoid advancing claims in general terms or make mere allegations of wrongdoing on the part of the non-diverse defendant"); *Zellmer v. Merck & Co., Inc.*, Civ. No. 1:03-CV-2530, slip op. at 6 (N.D. Ga. Nov. 17, 2003) (sales representatives fraudulently joined where "Plaintiff . . . failed to allege specific facts supporting claims against the individual Defendants"); *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 140 (S.D.N.Y. 2001) ("*Rezulin II*") (pharmaceutical representative was fraudulently joined where plaintiff made "no specific allegations" against him); *see also Wiggins v. American Home Prods. Corp.*, No. CV-01-J-2303-NW, 2001 WL 34013629, at *3 n.4 (N.D. Ala. Oct. 2, 2001) (finding resident defendant fraudulently joined because "plaintiffs ma[de] no specific allegation[s] against [the in-state defendant] at all in any of the eight counts of the complaint"); *Lyons v. American Tobacco Co.*, No. Civ. A. 96-0881-BH-S, 1997 WL 809677, at *5 (S.D. Ala. Sept. 30, 1997) (holding that there is "no better admission of fraudulent joinder of [the resident defendants]" than the failure of the plaintiff "to set forth any specific factual allegations" against them).

18.    Additionally, there is no reasonable basis to predict that the Bloodsworths will prevail on any of their claims against Donnie Lanier because they have not alleged and cannot allege that he personally participated in any alleged wrongdoing. *See, e.g., Stern v. Wyeth*, No. 02-80620-CIV-MARRA, at 6 (S.D. Fla. Jan. 22, 2003) (denying plaintiff's motion to remand where plaintiff failed to adequately allege "personal involvement" by an employee defendant in the alleged tortious conduct of the corporate defendant employer); *Kimmons v. IMC Fertilizer, Inc.*, 844 F. Supp. 738,

740 (M.D. Fla. 1994) (defendant fraudulently joined where no allegations of personal participation were made).

19. To the extent the Bloodsworths may maintain that their misrepresentation and suppression claims are asserted against Donnie Lanier, these claims are deficient for the additional reason that the Bloodsworths have failed to plead them with the particularity required by Ala. R. Civ. P. 9(b) and Fed. R. Civ. P. 9(b). *See Miller v. Mobile County Board of Health*, 409 So. 2d 420, 422 (Ala. 1981) (dismissing plaintiff's fraudulent misrepresentation claim pursuant to Ala. R. Civ. P. 9 where the complaint failed to "show time, place and the contents or substance of the false representations, the facts misrepresented, and an identification of what has been obtained."); *see also Zellmer*, Civ. No. 1:03-CV-2530, at 5-6 (denying remand and finding plaintiff failed to plead fraud and misrepresentation against sales representatives with particularity as required under Rule 9(b)); *Rezulin I*, 133 F. Supp. 2d at 283-84 (finding sales representatives fraudulently joined due to plaintiff's failure to plead fraud claims with particularity); *Stern*, No. 02-80620-CIV-MARRA, at 6 (denying plaintiff's motion to remand where plaintiff failed to allege "specific statements" in a misrepresentation claim against an employee defendant); *Wakeland v. Brown & Williamson Tobacco Corp.*, 996 F. Supp. 1213, 1221 (S.D. Ala. 1998) (failure to allege particular facts supporting claims against defendants violated Rule 9(b) and resulted in finding of fraudulent joinder).

20. Further, any claim for suppression against Donnie Lanier is without merit. It is axiomatic that "one can only be liable for concealing facts of which one has knowledge." *Harrell v. Dodson*, 398 So. 2d 272, 276 (Ala. 1981). Donnie Lanier did not have, nor does he currently have, knowledge of any alleged defect in the products used in Mrs. Bloodsworth's surgeries. (Lanier aff., ¶ 5).

21. For the same reasons, the Bloodsworths' claim against Donnie Lanier for negligent failure to warn is defective. Among the elements of a negligent failure to warn claim is a duty to warn. *See Deere & Co. v. Grose*, 586 So. 2d 196, 198 (Ala. 1991). The imposition of a duty to warn requires a finding that the defendant "knew, or should have known, about the dangerous nature" of the product. *McGraw v. Furon Co.*, 812 So. 2d 273, 276 (Ala. 2001). As shown previously with respect to the Bloodworths' suppression claim, there can be no such finding here. Donnie Lanier was not and is not aware of any alleged defects in the products used in Mrs. Bloodsworth's surgeries. (Lanier aff., ¶ 5).

22. There is no possible basis for predicting that the Bloodsworths could prevail on their warranty claims against Donnie Lanier because, as discussed above, he is manifestly not a seller of the subject products. The sine qua non of a breach of warranty claim – whether for breach of express warranty or breach of implied warranty – is that a warranty is made only by "the seller" of the goods. *See* Ala. Code §§ 7-2-313(1) & 314(1) (2002). As in the case of an AEMLD claim, the seller of a product is, as a matter of law, the corporate entity that makes the sale – not the employee of the corporation. *See Rezulin I*, 133 F. Supp. 2d at 286 ("seller" who makes warranties about a prescription medicine is the "pharmaceutical manufacturer," and not the professional representative); *see also Labato v. Pay Less Drug Stores, Inc.*, 261 F.2d 406, 408 (10th Cir. 1958) (drug store employee who sold defective product was fraudulently joined because he was not a "seller" and thus could not be held liable for breach of warranty); *Johnson v. Parke-Davis*, 114 F. Supp. 2d 522, 525 (S.D. Miss. 2000) ("Plaintiffs have not cited any authority for the proposition that a sales representative, as opposed to the manufacturer of the product he or she was selling, would ever be liable as the warrantor of the product."); *McCurtis v. Dolgencorp., Inc.*, 968 F. Supp. 1158, 1160

9

(S.D. Miss. 1997) (stating that courts cannot hold sales representatives liable for breach of warranty when they are "not in the business of selling products but rather are *employed* in the business of selling products")(emphasis added)(citations omitted).

23. Finally, the loss of consortium claim cannot defeat removal because it is a derivative claim. *See, e.g., Fenley v. Rouselle Corp.*, 531 So. 2d 304, n.1 (Ala. 1998) (wife's loss of consortium claim is derivative of her husband's AEMLD claim); *Nichols v. Wal-Mart Stores, Inc.*, No. 95-1252-CIV-T-23E, 1997 WL 33147701, at *6 (M.D. Fla. Mar. 26, 1997) ("a claim for loss of consortium may only be maintained where the spouse alleging injury is entitled to recover on a separate independent claim").

**Procedural Requirements**

24. The Bloodsworths' Complaint includes a number of fictitious defendants, whose citizenships are ignored for removal purposes. 28 U.S.C. §1441(a).

25. All properly joined and served defendants join in and consent to this removal. Fraudulently joined parties need not join in a Notice of Removal. *See, e.g. Moore v. Interstate Fire Ins. Co.*, 717 F. Supp. 1193, 1195 (S.D. Miss. 1989) ("it is not necessary that a fraudulently or improperly joined defendant join with the other defendants in a petition for removal"); *Jenkins v. Farmington Casualty Co.*, 979 F. Supp. 454, 456 (S.D. Miss. 1997) ("it is not necessary that the allegedly fraudulently joined defendant join with the other defendants in the removal petition"); *Williams v. Henson*, 42 F. Supp.2d 628, 632 n.8 (N.D. Miss. 1999) ("a fraudulently joined defendant need not join in or consent to the removal since only 'defendants who are properly joined and served must join in the removal [notice],' citing Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1262 (5th Cir. 1988)").

26. Venue is proper in this Court pursuant to 28 U.S.C. §1441(a) because it is the district and division embracing the place where the state court action is pending.

27. No previous application has been made for the relief requested herein.

28. This Notice of Removal has been served on all named parties to the removed case.

29. A written Notice of Filing Notice of Removal, together with a copy of this Notice, will be filed with the Clerk of Court for the Circuit Court of Montgomery County, Alabama, and will be served upon the Plaintiffs, as required by 28 U.S.C. § 1446(d).

*/s/ James C. Barton, Jr.*
James C. Barton, Jr.
Bar Number: ASB-0237-B51J
Email: jbartonjr@jbpp.com

*/s/ Alan D. Mathis*
Alan D. Mathis
Bar Number: ASB-8922-A59M
Email: adm@jbpp.com

Attorneys for Defendant
Smith & Nephew, Inc.

**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Telephone:   (205) 458-9400
Facsimile:    (205) 458-9500

**OF COUNSEL**

11

## CERTIFICATE OF SERVICE

       This is to certify that I have served a copy of the above and foregoing upon all parties to this cause by depositing a copy of same in the United States mail, first-class postage prepaid this the 1st day of July, 2005, to the following:

Tom Dutton, Esq.
PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North, Suite 1100
Birmingham, Alabama 35203
(205) 322-8880

_____
Of Counsel

W0516118.WPD