A

Ex. A

05-1349

| State of Alabama Unified Judicial System | **COVER SHEET** **CIRCUIT COURT - CIVIL CASE** (Not For Domestic Relations Cases) | Case Number | C V |
|---|---|---|---|

Form ARCivP-93    Rev. 5/99

Date of Filing:    Judge Code:
Month    Day    Year

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _Montgomery_, ALABAMA
(Name of County)

_Mary Bloodsworth_ v. _Smith & Nephew_
Plaintiff    _Spar Medical Inc._ Defendant

First Plaintiff  ☐ Business  ☑ Individual     First Defendant  ☑ Business  ☐ Individual
              ☐ Government ☐ Other                        ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box *(check only one)* that best characterizes your action:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☑ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PROPERTY INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN** *(check one):*  F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER: _____
                        R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☐ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

ATTORNEY CODE:  D U T 0 0 1    _5-31-05_    _____
                                Date    Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☐ NO ☐ UNDECIDED

**IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA**

CIVIL ACTION NO. _C V 05- 1349_   *TMH*

MARY BLOODSWORTH, an individual; and
JERRY BLOODSWORTH, an individual.

                Plaintiff,

vs.

**SMITH & NEPHEW, a corporation; SPAR MEDICAL, INC., a corporation; DONNIE LANIER, an individual;**
**No. 1,** whether singular or plural, that hospital, clinic, or other health care facility which undertook to provide medical or medical-related services to the plaintiff, Mary Bloodsworth, on the occasion made the basis of this suit, the negligence, breach of contract, or other actionable conduct of which contributed to cause the plaintiffs' injuries;
**No. 2,** whether singular or plural, that medical partnership, professional association, or professional corporation which undertook to provide medical or medical-related services to the plaintiff, Mary Bloodsworth, on the occasion made the basis of this suit, the negligence, breach of contract, or other actionable conduct of which contributed to cause the plaintiffs' injuries;
**No.3,** whether singular or plural, that person who, as an owner, stockholder, partner, associate, employee, or agent of any of the fictitious parties described above in items 1 through 2, undertook to provide any health care or related service to the plaintiff, Mary Bloodsworth, on the occasion made the basis of this suit, the negligence, breach of contract, or other actionable conduct of whom contributed to cause the plaintiffs' injuries;
**No. 4,** whether singular or plural, that physician (including an intern, resident, or fellow) who undertook to provide medial services to the plaintiff, Mary Bloodsworth, on the occasion made the basis of this suit, the negligence, breach of contract, or other actionable conduct of whom contributed to cause the plaintiffs' injuries;
**No. 5,** whether singular or plural, that nurse practitioner, licensed, registered, or practical nurse or nursing assistant who undertook to provide services to the plaintiff, Mary Bloodsworth, on the occasion made the basis of this suit, the negligence, breach of contract, or other actionable conduct of whom contributed to cause the plaintiffs' injuries;
**No. 6,** whether singular or plural, that medical services therapist, technician, or worker who undertook to provide services to the plaintiff, Mary Bloodsworth, on the occasion made the basis of this suit, the negligence, breach of contract, or other actionable conduct of whom contributed to cause the plaintiffs' injuries;
**No. 7,** whether singular or plural, that student health care practitioner who undertook to provide services to the plaintiff, Mary Bloodsworth, on the occasion made the basis of this suit, the negligence, breach of contract, or other actionable conduct of whom contributed to cause the plaintiffs' injuries;
**No. 8,** whether singular or plural, the physician's assistant who undertook to provide medical services to the plaintiff, Mary Bloodsworth, on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of whom contributed to cause the plaintiff's injuries;
**No. 9,** whether singular or plural, that entity which designed or manufactured the hip prosthesis which contributed to cause injury to the plaintiff, Mary Bloodsworth, on the occasion made the basis of this suit;

**No. 10,** whether singular or plural, that entity which in anywise participated in the testing of the hip prosthesis which contributed to cause injury to the plaintiff, Mary Bloodsworth, on the occasion made the basis of this suit;

**No. 11,** whether singular or plural, that entity which participated in the development of any plan to market the hip prosthesis which contributed to cause injury to the Plaintiff, Mary Bloodsworth, on the occasion made the basis of this suit;

**No. 12,** whether singular or plural, that entity which marketed the hip prosthesis which contributed to cause injury to the plaintiff, Mary Bloodsworth, on the occasion made the basis of this suit;

**No. 13,** whether singular or plural, that entity which dispensed or sold the hip prosthesis which contributed to cause injury to the plaintiff, Mary Bloodsworth, on the occasion made the basis of this suit;

**No. 14,** Any agent, employee, or representative of Smith & Nephew who called on Southern Bone and Joint with respect to hip prosthesis implanted into the plaintiff, Mary Bloodsworth, on the occasion made the basis of this suit;

**No. 15,** Any agent, employee, or representative of Spar Medical, Inc., who called on Southern Bone and Joint with respect to hip prosthesis implanted into the plaintiff, Mary Bloodsworth, on the occasion made the basis of this suit;

**No. 16,** whether singular or plural, that entity which was the principal or employer of any of the above named or described fictitious party defendants, whose negligence, breach of contract, breach of the standard of care, wanton conduct, or other actionable conduct contributed to cause injury to the plaintiff, Mary Bloodsworth, on the occasion made the basis of this suit;

**No. 17,** whether singular or plural, that entity which, concerning the occasion made the basis of this suit, was the principal of any of the named or above-described fictitious party defendants;

**No. 18,** whether singular or plural, that entity which is the successor-in-interest of the named or above described fictitious party defendants;

**No. 19,** whether singular or plural, that entity, other than those described above, the negligence, breach of contract, wanton conduct or other wrongful conduct of which contributed to the plaintiffs' injuries;

**No. 20,** whether singular of plural, that entity which provided any insurance coverage, of whatever kind of character, for any of the named or fictitious party defendants listed or named herein; and

**No. 21,** whether singular or plural, that entity or those entities, other than those described above, whose tortuous, outrageous, intentional, reckless, negligent, wanton, breach of contract, or other wrongful conduct contributed to cause plaintiffs' injuries.

Plaintiffs aver that the identity of the fictitious party defendants is otherwise unknown to the plaintiffs at this time, or, if their names are known to the plaintiffs at this time, their identity as proper party defendants is not known to the plaintiffs at this time; but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.

Defendants.

# COMPLAINT

## I. JURISDICTION, VENUE & THE PARTIES

A.   Plaintiff, Mary Bloodsworth (hereinafter "Mrs. Bloodsworth"), is an individual over the age of nineteen (19) years and is a resident of Montgomery County, Alabama.

B.   Plaintiff, Jerry Bloodsworth (hereinafter "Mr. Bloodsworth"), is an individual over the age of nineteen (19) years and is a resident of Montgomery County, Alabama.

C.   Defendant, Smith & Nephew (hereinafter "Smith & Nephew "), is a corporation doing business in Montgomery County, Alabama.

D.   Defendant, Spur Medical, Inc., (hereinafter "Spur Medical"), is a corporation doing business in Montgomery County, Alabama.

E.   Defendant, Donnie Lanier, (hereinafter "Mr. Lanier"), is an individual over the age of nineteen (19) years and is a resident of Montgomery County, Alabama.

F.   Defendants 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, and 21, whose or which's identities are unknown to the plaintiff at this time, but will be correctly named and identified when ascertained, are the respective entities who or which are named fictitiously in the caption of this complaint.

G.   On or about June 2, 2003, in Montgomery County, Alabama, Mrs. Bloodsworth underwent a surgical procedure known as a left total hip arthroplasty, during which time there was implanted what is known as a prosthetic hip. (The components of the prosthetic hip are identified in the copy of Chart-Stik labels attached to this complaint as Exhibit 1.) Thereafter, she suffered several hip dislocations, and she underwent several operative procedures, including a surgical procedure at which time a "retaining lining and ring" were implanted.

Subsequently, Mrs. Bloodsworth suffered another dislocation. Finally, on or

about June 15, 2004, Mrs. Blooodsworth underwent a surgical revision of the left total hip arthroplasty, at which time the retaining lining and ring and other components of the hip prosthesis were replaced.

H.      The components of the hip prosthesis implanted on or about June 2, 2003, and the retaining lining and ring implanted later, were manufactured, distributed, marketed, promoted, and sold by Smith & Nephew, Spur Medical, and Mr. Lanier.

## II. CAUSES OF ACTION

1.      Smith & Nephew, Spur Medical, and Mr. Lanier are liable to Mrs. Bloodsworth pursuant to the Alabama Extended Manufacturer's Liability Doctrine.  They were in the business of manufacturing, distributing, marketing and promoting the hip prosthesis, including the retaining lining and ring (hereinafter referred to collectively as "the product").  Smith & Nephew, Spur Medical, and Mr. Lanier manufactured, distributed, marketed, promoted, and sold the product, which was in a defective condition and was unreasonably dangerous when applied to its intended use in the usual and customary manner.  Mrs. Bloodsworth, when exposed to the product in its usual and customary manner as it was intended to be used, was injured and damaged as a proximate result of Smith & Nephew, Spur Medical, and Mr. Lanier placing the product on the market, which was unreasonably dangerous at the time it was placed on the market by Smith & Nephew, Spur Medical, and Mr. Lanier.  The product, at the time, Mrs. Bloodsworth was injured by it, was in substantially the same condition as it was in at the time it was manufactured, distributed, marketed, promoted, and sold by Smith & Nephew, Spur Medical, and Mr. Lanier.

2.      Smith & Nephew, Spur Medical, and Mr. Lanier negligently, recklessly, or wantonly manufactured, distributed, marketed, promoted, and sold the product.

3.    Smith & Nephew, Spur Medical, and Mr. Lanier negligently, recklessly, or wantonly advised customers (including Mrs. Bloodsworth's surgeon, who was a learned intermediary) with respect to both the indications for, and the risks and benefits of, the product.

4.    Smith & Nephew, Spur Medical, and Mr. Lanier breached their implied warranty of merchantability. Smith & Nephew, Spur Medical, and Mr. Lanier were merchants or sellers of the product. Smith & Nephew, Spur Medical, and Mr. Lanier sold the product. The product was used by her surgeon for the ordinary purpose for which such products are used. The product was defective, or unmerchantable, i.e., it was not fit for the ordinary purposes for which such products are used.

5.    Smith & Nephew, Spur Medical, and Mr. Lanier breached their implied warranty of fitness. Smith & Nephew, Spur Medical, and Mr. Lanier sold the product. At the time of the sale of the product, Smith & Nephew, Spur Medical, and Mr. Lanier knew, or had reason to know, of a particular purpose for which the product was to be used. At the time of the sale of the product, Smith & Nephew, Spur Medical, and Mr. Lanier knew, or had reason to know, consumers (including Mrs. Bloodsworth's surgeon) were relying on the skill and judgment of Smith & Nephew, Spur Medical, and Mr. Lanier to select or furnish a suitable product for the intended purpose. At the time of the sale of the product, Smith & Nephew, Spur Medical, and Mr. Lanier exercised their skill and judgment in the selection of the product, and consumers (including Mrs. Bloodsworth's surgeon) relied thereon. The product was used by consumers for the particular purpose for which selection had been made by Smith & Nephew, Spur Medical, and Mr. Lanier. The product

was not reasonably fit and suitable for the use for which it was selected. Smith & Nephew, Spur Medical, and Mr. Lanier selected a product which was not reasonably safe for its intended use.

6.      Smith & Nephew, Spur Medical, and Mr. Lanier suppressed material facts, in that, while under a duty to do so, it failed to adequately advise consumers (including Mrs. Bloodsworth's surgeon) that this product could cause injury to individuals in whom it could be is implanted. Had Mrs. Bloodsworth been so advised, she, as well as the ordinarily reasonable and prudent person, would have refrained from allowing the use of the product and, accordingly, would not have suffered injury.

7.      Smith & Nephew, Spur Medical, and Mr. Lanier, willfully, recklessly, or negligently misrepresented the dangers of using this product. These misrepresentations were material and false. In reliance thereon, this product was used, and such reliance was to Mrs. Bloodsworth detriment.

8.      Smith & Nephew, Spur Medical, and Mr. Lanier, and fictitious party defendants, No. 9 through 13, as the designers, manufacturers, sellers, distributors, marketers or promoters of the product, negligently or wantonly failed to adequately warn consumers of the dangers associated with the use of the product.

9.      Smith & Nephew, Spur Medical, and Mr. Lanier negligently, recklessly, or wantonly promoted the product.

10.      As a proximate result of the above-described conduct, which combined and concurred, the plaintiff, Mary Bloodsworth, was injured and damaged. Specifically, she was caused to suffer physical pain and mental anguish, and she was caused to lose money (medical expenses, and lost wages or benefits).

11.      As a proximate result of the above-described conduct, which combined and

concurred, the plaintiff, Jerry Bloodsworth (Mrs. Bloodsworth's husband), was caused the loss of his wife's consortium.

WHEREFORE, Mrs. and Mr. Bloodsworth request that the jury selected to hear the case render a verdict in their favor, and against every defendant, separately and severally, and that it award compensatory damages to Mrs. and Mr. Bloodsworth in an amount which will fairly and adequately compensate them. Further, Mrs. and Mr. Bloodsworth request that, should the jury find that any defendant's conduct merits the imposition of punitive damages, the jury award punitive damages to Mrs. Bloodsworth in an amount which will adequately reflect the enormity of the defendant's wrong in causing Mrs. Bloodsworth injuries, and which will effectively prevent other similarly caused injuries. Further, Mrs. and Mr. Bloodsworth request that the Court enter judgment consistent with the jury's verdict, and that it also award them interest from the date of judgment, plus costs.



Tom Dutton
Attorney for Plaintiff

OF COUNSEL:
PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North, Suite 1100
Birmingham, Alabama 35203
(205) 322-8880

PLAINTIFF'S ADDRESSES:
8824 Glen Rose Way
Montgomery, AL 36117

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a struck jury for the trial of this case.

_____
Attorney for Plaintiff

## REQUEST FOR SERVICE

Pursuant to ARCP 4.1 and 4.2, Plaintiffs request service of the foregoing "Summons and Complaint" by certified mail.

_____
OF COUNSEL

## DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:

Smith & Nephew, Inc.
C/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

Spar Medical, Inc.
C/o Nancy C. Sparacio
1502 Inverness Lane
Birmingham, Alabama 35243

Donnie Lanier
3542 Royal Carriage Drive
Montgomery, Alabama 36116

# EXHIBIT "1"



0314200525  MR 64653
BLOODSWORTH,MARY H
DR. HODURSKI,DONALD F
F   53Y
Charge Sticker



**Baptist** HEALTH

## OR IMPLANT RECORD / CHARGE SHEET

### BAPTIST MEDICAL CENTER

☑ South ☐ East ☐ Prattville

| | |
|---|---|
| Description_____ | CHART-STIK® LABEL |
| Size/Quantity_____ | REF 71336092 |
| Manufacturer_____ | 52 MM O.D. |
| Catalog Number_____ | USE WITH SIZE E LINER |
| Serial Number_____ | REFLECTIONS INTERFIT™ 3 HOLE POROUS ACETABULAR SHELL TI-6AL-4V |
| | Smith: Nephew  LOT 02KM02969 |

| | |
|---|---|
| Description_____ | CHART-STIK® LABEL |
| Size/Quantity_____ | REF 71332630 |
| Manufacturer_____ | 30 MM |
| Catalog Number_____ | REFLECTIONS SPHERICAL HEAD |
| Serial Number_____ | 6 5 MM CANCELLOUS TI-6AL-4V |
| | Smith & Nephew, Inc  LOT 03EM01645 |

| | |
|---|---|
| Description_____ | CHART-STIK® LABEL |
| Size/Quantity_____ | REF 71332630 |
| Manufacturer_____ | 30 MM |
| Catalog Number_____ | REFLECTIONS SPHERICAL HEAD SCREW |
| Serial Number_____ | 6.5 MM CANCELLOUS TI-6AL-4V |
| | Smith: Nephew  LOT 02KM10923 |

| | |
|---|---|
| Description_____ | CHART-STIK® LABEL |
| Size/Quantity_____ | REF 71333324 |
| Manufacturer_____ | 28 MM I.D. |
| Catalog Number_____ | SIZE E |
| Serial Number_____ | REFLECTIONS XLPE 20° MICROSTABLE® ACETABULAR LINER UHMWPE |
| | Smith: Nephew  LOT 02GM06649 |

| | |
|---|---|
| Description_____ | CHART-STIK® LABEL |
| Size/Quantity_____ | REF 71341024 |
| Manufacturer_____ | SIZE 14 ECHELON PR MARY |
| Catalog Number_____ | 140 MM LENGTH HIGH OFFSET |
| Serial Number_____ | FEMORAL COMPONENT CO-CR |
| | Smith & Nephew, Inc  LOT 03DM03354 |

| | |
|---|---|
| Description_____ | CHART-STIK® LABEL |
| Size/Quantity_____ | REF 71302808 |
| Manufacturer_____ | COBALT CHROME |
| Catalog Number_____ | 28 MM O.D. +8 |
| Serial Number_____ | 12/14 TAPER FEMORAL HEAD CO-CR |
| | Smith: Nephew  LOT 01CM04219 |

Surgeon: Dr Hodurski                     Surgery Date: 30mb

Signature: _____  PREPARED BY: lwashington   DATE 3/06/2004   Procedure Left Total Hip Arthroplasty

BH-6022  REV 2/03

WHITE COPY - PATIENT'S CHART          YELLOW COPY - HOSPITAL

0314200525 MR 64653
BLOODSWORTH, MARY H
DR. HODURSKI, DONALD F
F    53Y

Addressograph

✝ **Baptist** HEALTH

# POSTOPERATIVE
# PROGRESS RECORD

| Date | Time |
|------|------|

**Preop Dx:** RA = ? Avn (L) Hip

**Postop Dx:** Same

**Procedure:** (L) THA — 52mm Reflectn
14mm. Echelon

**Anesthesia:** Spinal

**Surgeon:** Hodurski          **Assistant:**

**Findings:** ⑧ Severe Changes Both
head + acetabulum

**Complications:**    ☒ None       **Specimen:**

**Disp:**   PACU    CVICU    SICU    NBN    NICU    LDR    OP

PRINTED BY: _was ryan con 0_ DATE M.D/ Date 2004     **Date:** 3/?/03     **M.D. Signature:** Hodurski

BSB-0108 (1/03)

PRINTED BY: lwashington DATE 11/4/2004

CHART-STIK® LABEL
REF 71333324
28 MM I.D.
SIZE E
REFLECTION® XLPE 20°
MICROSTABLE® ACETABULAR LINER
UHMWPE
Smith & Nephew LOT 02GM06649

ATTACH TO PATIENTS RECORD

CHART-STIK® LABEL
REF 71302808
COBALT CHROME
28 MM O.D., +8
12/14 TAPER FEMORAL HEAD
CO-CR
Smith & Nephew LOT 01CM04219

[illegible]

CHART-STIK® LABEL
REF 71341024
SIZE 14 ECHELON PRIMARY
140 MM LENGTH
HIGH OFFSET
FEMORAL COMPONENT
CO-CR
*+H43571341024l7*
*+$03DM0335478*
Smith & Nephew, Inc. LOT 03DM03354

[illegible]

| State of Alabama | **SUMMONS - CIVIL** | Case Number |
|---|---|---|
| Unified Judicial System | | CV-2005- _1849_ |

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**MARY BLOODSWORTH,**     vs.     **SMITH & NEPHEW, a corporation;**
**JERRY BLOODSWORTH**                **SPAR MEDICAL, INC., a corporation;**
                                                      **DONNIE LANIER, an individual**

Plaintiff,                                        Defendants.

NOTICE TO:     **SMITH & NEPHEW, INC.**
                         c/o The Corporation Company
                         2000 Interstate Park Drive, Ste. 204
                         Montgomery, Alabama 36109

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to TOM DUTTON of PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C., at 2001 Park Place North, Suite 1100, Birmingham, Alabama 35203. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

☐     TO ANY SHERIFF or other person authorized by either Rule 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a copy of the complaint in this action upon Defendant.

**X**     This service by certified mail of this summons is initiated upon written request of the Plaintiff pursuant to Rule 4.1(c) of the Alabama Rules of Civil Procedure.

_5- 31_ , 2005     _Melissa Pittman_     By: _BW_
Date                                        Clerk/Register

RETURN ON SERVICE:

☐     Certified Mail return receipt received i:
        (Return receipt attached hereto).

☐     I certify that I personally deliver
        in _____ County, Alabama, on (D

_____, 2005
Date

Address of Server_____

Type ____

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com

**O F F I C I A L   U S E**

| Postage | $ |
|---|---|
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To _The Corporation Company_
Street, Apt. No.; or PO Box No. _2000 Interstate Park Dr._
City, State, ZIP+4 _Montgomery, Al 36109_

PS Form 3800, June 2002

State of Alabama                    **SUMMONS - CIVIL**        Case Number
Unified Judicial System                                        CV-2005- *1349*

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**MARY BLOODSWORTH,**     vs.     **SMITH & NEPHEW, a corporation;**
**JERRY BLOODSWORTH**                **SPAR MEDICAL, INC., a corporation;**
                                     **DONNIE LANIER, an individual**

Plaintiff,                          Defendants.

2005 MAY 31 PM 2:51

NOTICE TO:   **SPAR MEDICAL, INC.**
             c/o Nancy C. Sparacio
             1502 Inverness Lane
             Birmingham, Alabama 35243

D 2

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to TOM DUTTON of PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C., at 2001 Park Place North, Suite 1100, Birmingham, Alabama 35203. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

☐   TO ANY SHERIFF or other person authorized by either Rule 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a copy of the complaint in this action upon Defendant.

**X**   This service by certified mail of this summons is initiated upon written request of the Plaintiff pursuant to Rule 4.1(c) of the Alabama Rules of Civil Procedure.

*5-31*        , 2005                              By: *Bu/*
Date                                    Clerk/Register

---

RETURN ON SERVICE:

☐   Certified Mail return receipt received ir
    (Return receipt attached hereto).

☐   I certify that I personally delivere
    in _____ County, Alabama, on (Da

_____, 2005
Date

Address of Server_____

Type

**U.S. Postal Service**
**CERTIFIED MAIL₁₀ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com.

# OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To *Nancy C. Sparacio*
Street, Apt. No.; or PO Box No. *1502 Inverness Lane*
City, State, ZIP+4 *Birmingham, Al 35243*

7004 2510 0006 7936 8648

PS Form 3800, June 2002                    See Reverse for Instructions

State of Alabama
Unified Judicial System

**SUMMONS - CIVIL**

Case Number
CV-2005-___ *1349*

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**MARY BLOODSWORTH,**    vs.    **SMITH & NEPHEW, a corporation;**
**JERRY BLOODSWORTH**               **SPAR MEDICAL, INC., a corporation;**
                             **DONNIE LANIER, an individual**

Plaintiff,                  Defendants.

             2005 MAY 31  PM 2:51

     NOTICE TO:    **Donnie Lanier**
                    3542 Royal Carriage Drive
                    Montgomery, Alabama 36116

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to TOM DUTTON of PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C., at 2001 Park Place North, Suite 1100, Birmingham, Alabama 35203. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

☐    TO ANY SHERIFF or other person authorized by either Rule 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a copy of the complaint in this action upon Defendant.

**X**    This service by certified mail of this summons is initiated upon written request of the Plaintiff pursuant to Rule 4.1(c) of the Alabama Rules of Civil Procedure.

___5-31___ , 2005                        By: _____
Date                             Clerk/Register

RETURN ON SERVICE:

☐    Certified Mail return receipt received in
     (Return receipt attached hereto).

☐    I certify that I personally delivered
     in _____ County, Alabama, on (D

_____ , 2005
Date

Address of Server_____
_____

Type

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To *Donnie Lanier*
Street, Apt. No.; or PO Box No. *3542 Royal Carriage Dr*
City, State, ZIP+4 *Montgomery, Al 36116*

7004 2510 0006 7936 8624

PS Form 3800, June 2002      See Reverse for Instructions

TMH

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Spar Medical, Inc.
c/o Nancy C. Saracin
1502 Shepherd Lane
Birmingham, AL 35243

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____     ☐ Agent     ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

   CV05-1349     DJ

3. Service Type
   ☑ Certified Mail     ☐ Express Mail
   ☐ Registered        ☑ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
   (Transfer from service label)

   7004 2510 0006 7936 8648

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

P - Mary Bloodsworth

d - Smith + Nephew



7004 2510 0006 7936 8648

CIRCU
MONTGOMERY COUNTY COURTHOUSE
P. O. BOX 1667
MONTGOMERY, AL 36102-1667

Filed
Melissa Rittenour
Circuit Clerk

RETURNED TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

Spar Medical Center
C/o Nancy Spar
1502 Inverness Pointe
Birmingham, Alabama 35243

TMH

**SENDER:** COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Donnie Lanier
3542 Royal Carriage
Montgomery, AL 36116

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Brenda Lanier_    ☐ Agent    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

CV 05-1349    DS

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☑ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7004 2510 0006 7936 8624

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

JUN 2005
Filed

P— Mary Bloodsworth
d— Smith + Nephew

TMH

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Smith Nephew, Inc.
c/o The Corporation Co.
2000 Interstate Park Dr.
Suite 204
Montgomery, Al 36109

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _S. Slauson_    ☐ Agent
☐ Addressee

B. Received by ( Printed Name )
S Slauson

C. Date of Delivery
06-01

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

CV 05- 1349 D1

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    7004 2510 0006 7936 8631

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540