IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 JUL -1 A 11: 32

| | | |
|---|---|---|
| MARY BLOODSWORTH and<br>JERRY BLOODSWORTH, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | CASE NO. 2:05cv622-D |
| SMITH & NEPHEW, INC.<br>et al., | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANT SMITH & NEPHEW, INC.

Defendant Smith & Nephew, Inc. ("Smith & Nephew"), answers the plaintiffs' Complaint as follows:

### FIRST DEFENSE

Answering the numbered paragraphs in plaintiffs' Complaint, Smith & Nephew admits, denies, and states as follows:

#### Jurisdiction, Venue & the Parties

A.   Smith & Nephew is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph A of the Complaint.

B.   Smith & Nephew is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph B of the Complaint.

C.   Admitted.

D.   Smith & Nephew is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph D of the Complaint.

E. Admitted.

F. Smith & Nephew is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph F of the Complaint.

G. Smith & Nephew admits that Mrs. Bloodsworth underwent a total left hip replacement on or about June 2, 2003, in Montgomery County, Alabama, and that a constrained liner was implanted at a later date. Smith & Nephew is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph G of the Complaint, and therefore demands strict proof thereof.

H. Smith & Nephew admits that it manufactured, distributed, and sold the components of the hip replacement system implanted on or about June 2, 2003, and the constrained liner implanted at a later date. Smith & Nephew denies the remaining averments contained in Paragraph H of the Complaint.

## Causes of Action

1. Smith & Nephew is without knowledge or information sufficient to form a belief as to the truth of the last sentence of Paragraph 1 of the Complaint, and therefore demands strict proof thereof. Smith & Nephew denies the remaining averments contained in Paragraph 1 of the Complaint, except admits that it manufactured, distributed, and sold the subject products.

2. Denied.

3. Smith & Nephew denies the averments contained in Paragraph 3 of the Complaint, except admits that Mrs. Bloodsworth's surgeon is a learned intermediary.

4. Smith & Nephew is without knowledge or information sufficient to form a belief as to the truth of the fourth sentence of Paragraph 4 of the Complaint, and therefore demands strict

proof thereof. Smith & Nephew denies the remaining averments contained in Paragraph 4 of the Complaint, except admits that it sold the subject products.

5. Smith & Nephew denies the averments contained in Paragraph 5 of the Complaint, except admits that it sold the subject products.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

## SECOND DEFENSE

Smith & Nephew hereby denies any paragraph, portion of any paragraph, or other material averment in the plaintiffs' Complaint not previously referred to herein and demands strict proof thereof.

## THIRD DEFENSE

The plaintiffs' Complaint fails to state a claim against this defendant upon which relief can be granted.

## FOURTH DEFENSE

The plaintiffs' claims are barred by the applicable statute of limitations.

## FIFTH DEFENSE

The plaintiffs have waived or are otherwise estopped from asserting the claims alleged in their Complaint.

### SIXTH DEFENSE

The plaintiffs' contributory negligence bars any recovery against this defendant.

### SEVENTH DEFENSE

All products in any way connected with Smith & Nephew are defect-free, and such products fully comply with the products liability standard of Alabama.

### EIGHTH DEFENSE

Any and all acts performed by, and products designed and manufactured and/or distributed by Smith & Nephew relevant to the Complaint were at all times in conformity with the state of the art and the applicable standards of care for the design and manufacture of such or similar products.

### NINTH DEFENSE

The products made the subject of this action were not in substantially the same condition as when they entered the stream of commerce.

### TENTH DEFENSE

The plaintiffs' claims are barred, in whole or in part, by the "learned intermediary" or "informed intermediary" doctrine.

### ELEVENTH DEFENSE

The plaintiffs' claims are barred and/or limited by Comment k to § 402A of the Restatement (Second) of Torts.

### TWELFTH DEFENSE

Smith & Nephew alleges that the plaintiffs were fully informed of the risks of the surgical implantation of the products made the subject of this action by the treating physician and surgeon, and the informed consent given by the plaintiff is pleaded as an affirmative defense.

### THIRTEENTH DEFENSE

Upon information and belief, the plaintiffs had full knowledge of the risk and possible adverse effects pertaining to the procedures performed upon Mrs. Bloodsworth and the use of the subject products, as well as the risks relative to the placement of the subject products into Mrs. Bloodsworth's person, and all or part of the alleged injuries, damages, and/or losses (if any) sustained by plaintiff arose from and were caused by risks of which the plaintiffs were so aware, and such risks were accepted and assumed by the plaintiffs. For these reasons, any recovery against Smith & Nephew should be diminished, reduced, offset, or barred in accordance with the principles of assumption of the risk and/or informed consent.

### FOURTEENTH DEFENSE

The plaintiffs' alleged injuries, damages, or losses arose from and were caused by the contributory negligence or fault of the plaintiffs or third parties, whether those third parties were named in the litigation or not, and as a result thereof, any recovery by the plaintiffs against Smith & Nephew should be offset in whole or in part based upon the contributory negligence of the plaintiffs or others.

### FIFTEENTH DEFENSE

The plaintiffs' alleged injuries, damages, or losses arose from and were caused by the misuse or unintended use of the medical devices utilized in the surgical procedures which were performed.

### SIXTEENTH DEFENSE

All or part of the damages claimed by the plaintiffs arising out of their alleged injuries are due to their failure to mitigate their damages and, therefore, may not be recovered by the plaintiffs in this action.

## SEVENTEENTH DEFENSE

In the event the plaintiffs have suffered any damages, injuries, or losses, which is denied, there is no causal relationship between any actions on the part of Smith & Nephew and the plaintiffs' alleged damages, injuries, and/or losses.

## EIGHTEENTH DEFENSE

The plaintiffs' alleged injuries, damages, or losses were directly and proximately caused by the intervening, superseding acts and conduct of others over which Smith & Nephew had no control, thereby precluding any recovery against Smith & Nephew.

## NINETEENTH DEFENSE

Any damage allegedly sustained by the plaintiff was caused in whole or in part by pre-existing conditions for which Smith & Nephew bears no legal responsibility or liability.

## TWENTIETH DEFENSE

Smith & Nephew is entitled to be indemnified for any and all damages assessed against it and awarded to the plaintiffs.

## TWENTY-FIRST DEFENSE

Smith & Nephew says that all or some of the plaintiff's medical expenses have been paid by the plaintiff's medical insurance carrier, or some other form of insurance, and the plaintiff is not entitled to recover said medical expenses pursuant to § 6-5-522 of the Alabama Code.

## TWENTY-SECOND DEFENSE

Smith & Nephew denies that it misrepresented any material fact to the plaintiffs.

## TWENTY-THIRD DEFENSE

Smith & Nephew denies that it suppressed any material fact from the plaintiffs.

### TWENTY-FOURTH DEFENSE

Smith & Nephew denies that it owed any duty to the plaintiff.

### TWENTY-FIFTH DEFENSE

Smith & Nephew denies that the plaintiffs' alleged reliance was either reasonable or justified.

### TWENTY-SIXTH DEFENSE

Smith & Nephew denies that the plaintiffs have pled their claims of fraud with sufficient specificity to satisfy Fed. R. Civ. P. 9 or Ala. R. Civ. P. 9.

### TWENTY-SEVENTH DEFENSE

Smith & Nephew denies that it breached any duty owed to the plaintiffs.

### TWENTY-EIGHTH DEFENSE

Smith & Nephew made no warranties of any kind, express or implied, or any representations of any nature whatsoever to plaintiff.

### TWENTY-NINTH DEFENSE

The plaintiffs did not rely on any warranties, expressed or implied, made by this defendant with respect to the product at issue.

### THIRTIETH DEFENSE

Smith & Nephew denies that it breached any warranty.

### THIRTY-FIRST DEFENSE

The plaintiffs' breach of warranty claims are barred by their failure to provide timely notice of any alleged breach of warranty.

### THIRTY-SECOND DEFENSE

Smith & Nephew did not engage in any conduct that would entitle the plaintiffs to recover

7

punitive damages.

### THIRTY-THIRD DEFENSE

Punitive damage awards in Alabama are unconstitutional because they are penal in nature yet defendants in civil actions are not awarded the same procedural safeguards accorded to criminal and other defendants under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution; therefore, the plaintiffs cannot recover punitive damages.

### THIRTY-FOURTH DEFENSE

Punitive damage awards in Alabama are not governed by any specific or adequate standards, are not based upon rational distinctions, do not serve any legitimate state interest, are necessarily vague and arbitrary, and therefore are in violation of the due process and equal protection provisions of both the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of Alabama; therefore, the plaintiff cannot recover punitive damages.

### THIRTY-FIFTH DEFENSE

The plaintiffs' claims for punitive damages are barred by § 6-11-27 of the Alabama Code.

### THIRTY-SIXTH DEFENSE

The plaintiffs' claims for punitive damages are barred by § 6-11-20 of the Alabama Code.

### THIRTY-SEVENTH DEFENSE

Smith & Nephew affirmatively pleads and avers the protections afforded it by § 6-11-21 of the Alabama Code.

### THIRTY-EIGHTH DEFENSE

To the extent the plaintiffs seek punitive and/or compensatory damages for pain and suffering

8

in this case, any award of such damages would violate Smith & Nephew's right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution because, among other things, of the vagueness and uncertainty of the criteria for the recovery of compensatory damages for pain and suffering and for the imposition of punitive damages and the lack of fair notice of what conduct will result in the imposition of such damages; therefore, the plaintiffs cannot recover compensatory damages for pain and suffering or punitive damages.

Smith & Nephew hereby give notice that it may rely upon such other affirmative defenses as may become available or apparent during the course of discovery, and thus it reserves the right to amend this Answer to assert such defenses.

_____
James C. Barton, Jr.
Bar Number: ASB-0237-B51J
Email: jbartonjr@jbpp.com

_____
Alan D. Mathis
Bar Number: ASB-8922-A59M
Email: adm@jbpp.com

Attorneys for Defendant
Smith & Nephew, Inc.

**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Telephone:    (205) 458-9400
Facsimile:    (205) 458-9500

    **OF COUNSEL**

## CERTIFICATE OF SERVICE

   This is to certify that I have served a copy of the above and foregoing upon all parties to this cause by depositing a copy of same in the United States mail, first-class postage prepaid this the 1st day of July, 2005, to the following:

Tom Dutton, Esq.
PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North, Suite 1100
Birmingham, Alabama 35203
(205) 322-8880

              _____
              Of Counsel

W0516123.WPD