IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARY BLOODSWORTH and<br>JERRY BLOODSWORTH,<br><br>    Plaintiffs,<br><br>v.<br><br>SMITH & NEPHEW, INC.<br>et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. 2:05cv622-D<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION TO DISMISS OF DEFENDANT DONNIE LANIER

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Donnie Lanier hereby moves the Court to dismiss, with prejudice, Mr. Lanier as a defendant in this action. As grounds for this motion, Mr. Lanier shows the Court as follows:

1. The plaintiffs filed this action on May 31, 2005, bringing causes of action against Smith & Nephew, Inc., Spar Medical, Inc., Donnie Lanier, and several fictitious defendants for: (1) violations of the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"); (2) negligence; (3) recklessness; (4) wantonness; (5) breach of implied warranty of merchantability; (6) breach of implied warranty of fitness; (7) suppression; (8) misrepresentation; and (9) failure to warn.

2. Mr. Lanier, an orthopedic device representative for Smith & Nephew, Inc. (Lanier aff., ¶ 1)[1], was served with a copy of the Plaintiff's Complaint on June 7, 2005.

3. On July 1, 2005, Smith & Nephew, Inc. removed this action to this Court on the basis of diversity jurisdiction, arguing that Smith & Nephew, Inc. was the only properly served and non-

---

[1] A copy of the Affidavit of Donnie Lanier is attached hereto as Exhibit A.

fraudulently joined defendant.

4.  When each of the plaintiffs' claims is analyzed as against Mr. Lanier, it is clear that the plaintiffs do not have any viable claims against him and that the sole purpose for naming him as a defendant was to defeat diversity jurisdiction. Accordingly, Mr. Lanier was fraudulently joined and is due to be dismissed as a defendant in this action.

5.  Under Alabama law, there is no cause of action against product representatives for the injuries allegedly caused by the products they represent. *See In re Rezulin Products Liability Litigation*, 133 F. Supp. 2d 272, 287 (S.D.N.Y. 2001) ("*Rezulin I*") (applying Alabama law and finding resident pharmaceutical representatives fraudulently joined in claims for product liability under the AEMLD, negligence, wantonness, misrepresentation, and suppression). An AEMLD claim may be asserted only against manufacturers and sellers of the product at issue. *See Turner v. Azalea Box Co.*, 508 So. 2d 253, 254 (Ala. 1987) ("In an AEMLD action, the plaintiff must prove that the defendant manufactured and/or sold the allegedly defective product.") Since Mr. Lanier is neither a manufacturer nor a seller of the products made the subject of this action, he cannot be held liable under the AEMLD. *Rezulin I*, 133 F. Supp. 2d at 287 (AEMLD claim is not cognizable against sales representatives); *Tillman v. R. J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) (AEMLD claim and claims of negligence, wantonness, and civil conspiracy are not cognizable against individual sales representatives employed by defendant cigarette manufacturer). The AEMLD does not impose liability on the lower level employees of a seller or supplier, because "neither the applicable case law nor the policy objectives articulated by Alabama and other states courts can support the extension of the AEMLD to encompass [employees of the seller or supplier]." *Bowman v. Coleman Co., Inc.*, No. 96-0448-P-C, Slip Op. At 8 (S.D. Ala. Sept. 3, 1996)[2] (resident

---

[2] Copies of all unpublished opinions are attached hereto as Exhibit B.

manager of retail store fraudulently joined in complaint asserting AEMLD claim). Accordingly, since there is no legal basis for the claims made against him, Mr. Lanier is due to be dismissed as a defendant to this action.

6. Moreover, to state a claim under the AEMLD, the plaintiffs would have to prove, among other elements, a causal connection between Mr. Lanier's activities and the allegedly defective condition of the products at issue. *See Casrell v. Altec Industries, Inc.*, 335 So. 2d 128, 132, 134 (Ala. 1976). If an individual simply passes along a packaged, finished product through the distribution chain, this causal connection is absent and the individual has a complete defense, known as the "sealed container" or "no causal connection" defense. *Id.* at 132. In this case, even if the plaintiffs could establish that the subject products were defective and caused their alleged injuries, their claims against Mr. Lanier fail because he took no action that caused or contributed in any way to any alleged defect in the subject product. Mr. Lanier had no involvement in the design, manufacture, or quality control inspection of the subject products. (Lanier aff., ¶ 4). Instead, the subject products were shipped directly from the manufacturer, Smith & Nephew, and delivered to Mr. Lanier as a finished product in a sealed shipping case. (Lanier aff., ¶ 3). Each component of the implant remains individually sealed until it is opened in the operating room at the request of the treating physician. (Lanier aff., ¶ 3). A nurse unwraps and hands the requested component to the physician. (Lanier aff., ¶ 3). Any additional assembly performed on any of the components is performed by the treating physician in the operating room. (Lanier aff., ¶ 3). Any inspection of the products by Mr. Lanier prior to implantation would have been limited to confirming that the correct products had been shipped by Smith & Nephew. (Lanier aff., ¶ 4).

7. The sealed container defense is not only a complete defense to the plaintiffs' AEMLD claim against Mr. Lanier, but it is also a complete defense to their claims of negligence, recklessness,

and wantonness against him. To prevail on a claim of negligence, recklessness, or wantonness, the plaintiffs must prove that the defendant's actions proximately caused the plaintiffs' alleged injuries. *Morris v. Merritt Oil Co.*, 686 So. 2d 1139 (Ala. 1996). As demonstrated with respect to the plaintiffs' AEMLD claim, there is no causal connection between Mr. Lanier's actions and the plaintiffs' alleged injuries.

8. Moreover, the plaintiffs make no specific factual allegations regarding any conduct of Mr. Lanier with respect to any of the plaintiffs' claims. Instead, the plaintiffs makes only broad conclusory assertions by simply lumping him together with Smith & Nephew but includes no factual allegations to support any claims against him. *See, e.g.,* Complaint ¶ 1 ("Smith & Nephew, Spur [sic] Medical, and Mr. Lanier manufactured, distributed, marketed, promoted, and sold the product, which was in a defective condition and was unreasonably dangerous when applied to its intended use in the usual and customary manner."). Such allegations are not sufficient to state a factual basis for any claim against Mr. Lanier. *See, e.g., Lizana v. Guidant Corp.*, Civ. No. 1:03cv254, slip op. at 5 (S.D. Miss. Jan. 21, 2004) (finding sales representative fraudulently joined, and observing that a "plaintiff wishing to defeat a fraudulent joinder claim must plead specific facts and avoid advancing claims in general terms or make mere allegations of wrongdoing on the part of the non-diverse defendant"); *Zellmer v. Merck & Co., Inc.*, Civ. No. 1:03-CV-2530, slip op. At 6 (N.D. Ga. Nov. 17, 2003) (sales representatives fraudulently joined where "Plaintiff . . . failed to allege specific facts supporting claims against the individual Defendants"); *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 140 (S.D.N.Y. 2001) ("*Rezulin II*") (pharmaceutical representative was fraudulently joined where plaintiff made "no specific allegations" against him); *see also Wiggins v. American Home Prods. Corp.*, No. CV-01-J-2303-NW, 2001 WL 34013629, at *3 n.4 (N.D. Ala. Oct. 2, 2001) (finding resident defendant fraudulently joined because "plaintiffs ma[de] no specific allegation[s]

against [the in-state defendant] at all in any of the eight counts of the complaint"), *aff'd*, 37 Fed. Appx. 980 (11th Cir. 2002); *Lyons v. American Tobacco Co.*, No. Civ. A. 96-0881-BH-S, 1997 WL 809677, at *5 (S.D. Ala. Sept. 30, 1997) (holding that there is "no better admission of fraudulent joinder of [the resident defendants]" than the failure of the plaintiff "to set forth any specific factual allegations" against them).

9. Additionally, there is no reasonable basis to predict that the plaintiffs will prevail on any of their claims against Mr. Lanier because the plaintiffs have not alleged and cannot allege that he personally participated in any alleged wrongdoing. *See, e.g., Stern v. Wyeth*, No. 02-80620-CIV-MARRA, at 6 (S.D. Fla. Jan. 22, 2003) (denying plaintiff's motion to remand where plaintiff failed to adequately allege "personal involvement" by an employee defendant in the alleged tortious conduct of the corporate defendant employer); *Kimmons*, 844 F. Supp. at 740 (defendant fraudulently joined where no allegations of personal participation were made).

10. To the extent the plaintiffs may maintain that their misrepresentation and suppression claims are asserted against Mr. Lanier, these claims are deficient for the additional reason that the plaintiffs have failed to plead them with the particularity required by Ala. R. Civ. P. 9(b) and Fed. R. Civ. P. 9(b). *See, e.g., Miller v. Mobile County Board of Health*, 409 So. 2d 420, 422 (Ala. 1981) (dismissing plaintiff's fraudulent misrepresentation claim pursuant to Ala. R. Civ. P. 9 where the complaint failed to "show time, place and the contents or substance of the false representations, the facts misrepresented, and an identification of what has been obtained."); *see also Zellmer*, Civ. No. 1:03-CV-2530, at 5-6 (denying remand and finding plaintiff failed to plead fraud and misrepresentation against sales representatives with particularity as required under Rule 9(b)); *Rezulin I*, 133 F. Supp. 2d at 283-84 (finding sales representatives fraudulently joined due to plaintiff's failure to plead fraud claims with particularity); *Stern*, No. 02-80620-CIV-MARRA, at

6 (denying plaintiff's motion to remand where plaintiff failed to allege "specific statements" in a misrepresentation claim against an employee defendant); *Wakeland v. Brown & Williamson Tobacco Corp.*, 996 F. Supp. 1213, 1221 (S.D. Ala. 1998) (failure to allege particular facts supporting claims against defendants violated Rule 9(b) and resulted in finding of fraudulent joinder).

11. Further, any claim for suppression against Mr. Lanier is without merit. It is axiomatic that "one can only be liable for concealing facts of which one has knowledge." *Harrell v. Dodson*, 398 So. 2d 272, 276 (Ala. 1981). Mr. Lanier did not have, nor does he currently have, knowledge of any alleged defect in the products used in Mrs. Bloodsworth's surgeries. (Lanier aff., ¶ 5).

12. For the same reasons, the plaintiffs' claim of failure to warn against Mr. Lanier is defective. Among the elements of a negligent failure to warn claim is a duty to warn. *See Deere & Co. v. Grose*, 586 So. 2d 196, 198 (Ala. 1991). The imposition of a duty to warn requires a finding that the defendant "knew, or should have known, about the dangerous nature" of the product. *McGraw v. Furon Co.*, 812 So. 2d 273, 276 (Ala. 2001). As shown previously with respect to the plaintiffs' suppression claim, there can be no such finding here. Mr. Lanier was not and is not aware of any alleged defects in the products used in Mrs. Bloodsworth's surgeries. (Lanier aff., ¶ 5).

13. The plaintiffs cannot prevail on their warranty claims against Mr. Lanier because, as discussed above, he is manifestly not a seller of the subject products. The sine qua non of a breach of warranty claim – whether for breach of express warranty or breach of implied warranty – is that a warranty is made only by "the seller" of the goods. *See* Ala. Code §§ 7-2-313(1) & 314(1) (2002). As in the case of an AEMLD claim, the seller of a product is, as a matter of law, the corporate entity that makes the sale – not the employee of the corporation. *See Rezulin I*, 133 F. Supp. 2d at 286 ("seller" who makes warranties about a prescription medicine is the "pharmaceutical manufacturer,"

and not the professional representative); *see also Labato v. Pay Less Drug Stores, Inc.*, 261 F.2d 406, 408 (10th Cir. 1958) (drug store employee who sold defective product was fraudulently joined because he was not a "seller" and thus could not be held liable for breach of warranty); *Johnson v. Parke-Davis*, 114 F. Supp. 2d 522, 525 (S.D. Miss. 2000) ("Plaintiffs have not cited any authority for the proposition that a sales representative, as opposed to the manufacturer of the product he or she was selling, would ever be liable as the warrantor of the product."); *McCurtis v. Dolgencorp., Inc.*, 968 F. Supp. 1158, 1160 (S.D. Miss. 1997) (stating that courts cannot hold sales representatives liable for breach of warranty when they are "not in the business of selling products but rather are *employed* in the business of selling products")(emphasis added)(citations omitted).

14. Finally, Mr. Bloodsworth's loss of consortium claim cannot survive against Mr. Lanier because it is a derivative claim. *See, e.g., Fenley v. Rouselle Corp.*, 531 So. 2d 304, n.1 (Ala. 1998) (wife's loss of consortium claim is derivative of her husband's AEMLD claim); *Nichols v. Wal-Mart Stores, Inc.*, No. 95-1252-CIV-T-23E, 1997 WL 33147701, at *6 (M.D. Fla. Mar. 26, 1997) ("a claim for loss of consortium may only be maintained where the spouse alleging injury is entitled to recover on a separate independent claim").

WHEREFORE, Donnie Lanier respectfully moves this Court to dismiss, with prejudice, the plaintiffs' claims against him in this action.

_____
James C. Barton, Jr.
Bar Number: ASB-0237-B51J
Email: jbartonjr@jbpp.com

*[signature]*
Alan D. Mathis
Bar Number: ASB-8922-A59M
Email: adm@jbpp.com

Attorneys for Defendant
Donnie Lanier

**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Telephone:   (205) 458-9400
Facsimile:   (205) 458-9500

OF COUNSEL

### CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the above and foregoing upon all parties to this cause by depositing a copy of same in the United States mail, first-class postage prepaid this the 1st day of July, 2005, to the following:

Tom Dutton, Esq.
PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North, Suite 1100
Birmingham, Alabama 35203
(205) 322-8880

*[signature]*
Of Counsel

W0516222.WPD