# Ex. A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **MARY BLOODSWORTH and JERRY BLOODSWORTH,** | ) ) ) | |
| **Plaintiffs,** | ) ) ) | |
| v. | ) ) | CASE NO. |
| **SMITH & NEPHEW, INC.,** et al., | ) ) ) ) ) | |
| **Defendants.** | ) ) | |

## AFFIDAVIT OF DONNIE LANIER

STATE OF ALABAMA

COUNTY OF MONTGOMERY

Donnie Lanier, being duly sworn, deposes and says:

1. My name is Donnie Lanier. I am over the age of 19 years, and I am competent to make this affidavit. In the years 2003 and 2004, I was an independent contractor who worked as an orthopedic device representative for Smith & Nephew, Inc. ("Smith & Nephew"). I am familiar with the procedures for the sale and delivery of the Smith & Nephew hip implants, and the associated components and instruments, to physicians and hospitals, including Baptist Medical Center ("BMC") in Montgomery, Alabama.

2. With respect to Smith & Nephew products of the type used in each of Mary H. Bloodsworth's procedures performed on June 2, 2003 and February 2, 2004 at BMC, the treating physician places an order with me for the products that, in his judgment, will be needed for each procedure. I forward that order to Smith & Nephew, which retains the right to accept or reject the order. Smith & Nephew directly bills BMC for the subject products, and BMC pays Smith & Nephew directly.

3. The subject products are shipped to me in a sealed shipping case. Inside the sealed shipping case, each component of the implant is individually sealed. Each component remains individually sealed until it is opened in the operating room at the request of the treating physician. A nurse unwraps and hands the requested component to the physician. Any additional assembly performed on any of the components is performed by the treating physician in the operating room. I have no reason to believe the procedures set out in paragraphs 2 and 3 were not followed in each of Ms. Bloodsworth's procedures.

4. I am not involved in the design or manufacture of any Smith & Nephew products. I am not involved in the quality control inspection of any Smith & Nephew products. My inspection of the Smith & Nephew products utilized in Ms. Bloodsworth's procedures would have been limited to confirming that the correct products had been shipped by Smith & Nephew.

5. I have no knowledge of any design or manufacturing defect in the Smith & Nephew products used in Ms. Bloodsworth's procedures, and I provided no warranties, express or implied, with respect to those products. I have never spoken to Ms. Bloodsworth.

_____
Donnie Lanier

Sworn to and subscribed before me by Donnie Lanier on this the 24 day of June, 2005.

_____
Notary Public
My Commission Expires:

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: July 30, 2005
BONDED THRU NOTARY PUBLIC UNDERWRITERS