RECEIVED

2005 JUL 29 P 2:00

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARY BLOODSWORTH and JERRY BLOODSWORTH, <br><br> Plaintiffs, <br><br> vs. <br><br> SMITH & NEPHEW, et al., <br><br> Defendants. | ) ) ) ) ) ) ) CIVIL ACTION NO. 2:05cv622-D ) ) ) ) |

### PLAINTIFFS' INITIAL RESPONSE TO DONNIE LANIER'S MOTION TO DISMISS AND REQUEST TO STAY CONSIDERATION OF THE MOTION TO DISMISS

Come now Mary Bloodsworth and Jerry Bloodsworth and offer this initial response to Donnie Lanier's motion to dismiss. The Bloodsworths request that this Court defer consideration of this motion to dismiss until this Court has ruled on the Bloodsworths' motion to remand.

On July 1, 2005, Smith & Nephew, Inc. filed a notice of removal, causing the removal of this lawsuit from the Circuit Court of Montgomery County, Alabama, to this Court. In its notice of removal, Smith & Nephew suggested that Donnie Lanier, an Alabama resident like the Bloodsworths, had been fraudulently joined as a party-defendant because no colorable claim could be prosecuted against Donnie Lanier. Also, on July 1, 2005, and represented by Smith & Nephew's attorneys, Donnie Lanier filed a motion to dismiss. Substantively, Donnie Lanier's motion to dismiss was identical to Smith & Nephew's notice of removal in that the same grounds were asserted and the same arguments were made.

Contemporaneously with the filing of this response, the Bloodsworths are filing a motion to remand. The Bloodsworths expressly challenge Smith & Nephew's suggestion that no colorable cause of action can be asserted against Donnie Lanier. The Bloodsworths contest whether this Court possesses the necessary federal subject-matter jurisdiction to hear this lawsuit, including a motion to dismiss. Therefore, the Bloodsworths ask this Court to defer consideration of Donnie Lanier's motion to dismiss until after this Court has ruled on the plaintiffs' motion to remand. If a remand is ordered, as the Bloodsworths believe it must be ordered, then this Court would have concluded that it lacks the subject-matter jurisdiction to hear such a motion to dismiss.

To the extent that Donnie Lanier truly seeks relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Bloodsworths would adopt and incorporate herein their contemporaneously filed motion to remand in which they explain why colorable claims have been asserted against Donnie Lanier. All pleading deficiencies suggested by Donnie Lanier are correctable by amendment, and such amending, if necessary, should be liberally allowed, in lieu of granting Donnie Lanier a Rule 12(b)(6)-based dismissal. Fed. R. Civ. P. 15(a).

To a great extent, Donnie Lanier's request for a dismissal is based on factual statements contained in his affidavit attached as an exhibit to his motion to dismiss. By rule, "[i]f, on a motion asserting the defense numbered (b) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56."

2

Fed. R. Civ. P. 12(b). Therefore, in deciding whether Donnie Lanier may be held legally accountable, this Court would have to consider Donnie Lanier's affidavit. Doing so necessitates converting Donnie Lanier's motion to dismiss to a motion for summary judgment. Invoking Rule 56(f) of the Federal Rules of Civil Procedure, the Bloodsworths would request an opportunity to conduct pertinent discovery before there was any consideration as to whether Donnie Lanier is entitled to a summary judgment. Especially, the Bloodsworths would insist upon their right to depose Donnie Lanier in order to cross-examine him regarding the statements contained in his affidavit and to question him regarding his knowledge of Smith & Nephew products, his activities as a sales representative, and his communications with Mary Bloodsworth's surgeon.

In summation, for the various reasons delineated above, it would be inappropriate to consider Donnie Lanier's motion to dismiss at this time. If this Court grants the Bloodsworths' motion to remand, this Court would lack the jurisdiction to rule on the motion to dismiss. Should this Court deny the motion to remand, then Donnie Lanier's motion must be treated as a summary-judgment motion, and the Bloodsworths are entitled to complete pertinent discovery before required to respond to a request for a summary judgment. Finally, as demonstrated in the motion to remand, if the Bloodsworths prove the factual allegations in their complaint, they would be entitled to recover monetary damages from Donnie Lanier.

Respectfully submitted by:

TOM DUTTON
Bar Number: ASB-2059-U50T
Email: tom@pittmanhooks.com
Attorney for Plaintiffs

OF COUNSEL:

PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
1100 Park Place Tower
2001 Park Place, North
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 –fax


CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the above and foregoing response to a motion to dismiss upon all counsel of record and unrepresented parties by placing same in the United States, proper first-class postage prepaid and properly addressed, to:

    James C. Barton, Jr.
    Alan D. Mathis
    JOHNSTON BARTON PROCTOR & POWELL LLP
    2900 AmSouth/Harbert Plaza
    1901 Sixth Avenue, North
    Birmingham, Alabama 35203-2618

    Spar Medical, Inc.
    c/o Nancy C. Sparacio
    1502 Inverness Lane
    Birmingham, Alabama 35243

Done this 29th day of July, 2005.

                                    OF COUNSEL