IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARY BLOODSWORTH and <br> JERRY BLOODSWORTH, <br><br> Plaintiffs, <br><br> vs. <br><br> SMITH & NEPHEW, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 2:05cv622-D <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFFS' RESPONSE TO SPAR MEDICAL, INC.'S MOTION
## TO DEEM STATE COURT PROCESS INSUFFICIENT

In compliance with this Court's Order of August 15, 2005, Mary Bloodsworth and Jerry Bloodsworth offer this initial response to Spar Medical, Inc.'s motion to deem state court process insufficient. Plaintiffs' opposition to the "motion to deem" is simply one of timing; the Court should consider and rule on Plaintiffs' remand motion before considering and deeming anything with respect to the sufficiency of service upon the movant.

Plaintiffs appreciate that, on July 1, 2005, Smith & Nephew removed this matter to this Court from the Circuit Court of Montgomery County, Alabama, and that, as of July 1, 2005, no service of process had been perfected on Spar Medical. Plaintiffs' counsel would assure this Court that, after receiving a copy of Smith & Nephew's notice of removal, plaintiffs' counsel made no further efforts to perfect service upon Spar Medical. Apparently, without any prodding from plaintiffs' counsel, and without considering the removal, someone in the Office of the Circuit Clerk of Montgomery County, Alabama, endeavored to serve Spar Medical with a copy of the summons and complaint by certified mail on July 19, 2005.

Plaintiffs concur with Spar Medical that, after the removal and until there is a remand, Spar Medical can only be served through this Court and that the service purportedly accomplished by the state court on July 23, 2005, is a nullity.

In removing this matter to this Court, Smith & Nephew asserted that Donnie Lanier and Spar Medical, both Alabama citizens like the Bloodsworths, had been fraudulently joined as party-defendants and could be ignored in determining whether there was complete diversity among the parties. In a previously filed motion to remand, the Bloodsworth challenged this assertion. The Bloodsworths opted to discontinue their efforts to perfect service on Spar Medical until after this Court ruled on their motion to remand. If the motion to remand is granted, the plaintiffs would renew efforts with the state circuit clerk to perfect service on Spar Medical; alternatively, if the motion to remand were to be denied, the plaintiffs would seek to perfect service through this Court. The Bloodsworths saw no advantage in seeking to perfect service on Spar Medical until this Court ruled on their motion to remand.

In summation, plaintiffs agree that Spar Medical's present motion has merit, but feel that the Court should consider and decide the remand issue before ruling on a motion which wrongly assumes removal was proper. (Plaintiffs would assure Spar Medical that, if a remand is ordered, they will do what is required to properly perfect service upon Spar Medical in compliance with Alabama procedural rules.)

Respectfully submitted by:

TOM DUTTON
Bar Number: ASB-2059-U50T
Email: tom@pittmanhooks.com
Attorney for Plaintiffs

OF COUNSEL:

PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
1100 Park Place Tower
2001 Park Place, North
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 --fax

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing motion to remand upon all counsel of record by placing same in the United States, proper first-class postage prepaid and properly addressed, to:

> James C. Barton, Jr.
> Alan D. Mathis
> JOHNSTON BARTON PROCTOR & POWELL LLP
> 2900 AmSouth/Harbert Plaza
> 1901 Sixth Avenue, North
> Birmingham, Alabama 35203-2618

Done this 15th day of August, 2005.

OF COUNSEL