IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARY BLOODSWORTH and ) | |
| JERRY BLOODSWORTH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 2:05cv622-D |
| ) | |
| SMITH & NEPHEW, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' RESPONSIVE MEMORANDUM BRIEF TO
"SMITH & NEPHEW'S OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND"**

On August 15, 2005, Smith & Nephew filed its opposition to the plaintiff's motion to remand. Mary Bloodsworth and Jerry Bloodsworth offer this response to Smith & Nephew's opposition and again ask this Court to remand this matter back to the Circuit Court of Montgomery County, Alabama.

Smith & Nephew began its opposition by writing: "Recognizing the general and conclusory nature of the allegations contained in the Complaint, the Bloodsworths' principal argument in their motion to remand is that they can cure those obvious deficiencies later by amendment." Smith & Nephew's Opposition to Plaintiffs' Motion to Remand at 1. To the contrary, the Bloodsworths' principal argument is simply that Smith & Nephew failed to satisfy its heavy burden of showing that Donnie Lanier and/or Spar Medical have been fraudulent joined as party-defendants. Smith & Nephew failed

to demonstrate clearly and convincingly that it is impossible to state a colorable cause of action against Donnie Lanier and/or Spar Medical.

The Bloodsworths disagree that there are any pleading deficiencies in their complaint but, in their motion to remand, noted that a finding of fraudulent joinder should only be made when a pleading deficiency can never by corrected by amendment. The Bloodsworths quoted the following from a very recent opinion:

> Defendants, however, misstate the applicable standard. It is not sufficient for defendants to show, as they have attempted to do here, that plaintiff *did not* state a claim against [the non-diverse defendant]; instead, defendants must satisfy the heavier burden of showing that plaintiff *cannot possibly* state a claim against that [non-diverse] defendant. Thus, a mere deficiency in plaintiff's pleading against [the non-diverse defendant] – a deficiency that could be cured by a more definite statement – does not necessarily establish fraudulent joinder, as long as plaintiff has the *possibility* of stating a *colorable* cause of action against that [non-diverse] defendant.

Hamrick v. Provident Life and Accident Ins. Co., CV-05-S-878-NE, Slip Op. at 8 (N.D. Ala. Jul. 27, 2005)(citation omitted; emphasis in original). Plaintiffs cited this Court to other opinions from across the country expressing similar language. Removal jurisdiction was intentionally made very restrictive and does not exist if there is the possibility that a state court judge would deny the non-diverse defendant's motion to dismiss. In Hamrick and the other opinions cited by the Bloodsworth, the federal district judge correctly held that, unless it is absolutely certain that the plaintiff can never assert a colorable claim against the non-diverse defendant based on the factual allegations in the complaint, then a remand is mandated.

The Bloodsworths do not have to establish that Donnie Lanier is a viable defendant as to all asserted causes of action. Instead, the issue is whether he is a viable defendant as to any asserted cause of action.

Smith & Nephew suggests that the learned intermediary doctrine absolutely bars prosecuting any claims against Donnie Lanier, including the fraud-based claims. In support of this suggestion, Smith & Nephew relied on the opinions in <u>Catlett v. Wyeth, Inc.</u>, No. 5:04-CV-154-2, 2004 U.S. Dist. LEXIS 26498 & 2004 WL 3422170 (M.D. Ga. Sep. 14, 2004); <u>Johnson v. Parke-Davis</u>, 114 F. Supp. 2d 522 (S.D. Miss. 2000); and <u>In re Diet Drugs (Phenstermine, Fenfluramine, Dexfenfluramine) Products Liability Litigation</u>, 220 F. Supp. 2d 414 (E.D. Pa. 2002).

Smith & Nephew cited no opinion rendered by the Supreme Court of Alabama or the Court of Civil Appeals of Alabama holding that the learned intermediary doctrine absolutely bars prosecuting any claims against Donnie Lanier. Moreover, Smith & Nephew cited no opinion rendered by the Supreme Court of Alabama or the Court of Civil Appeals of Alabama holding that individuals, like the Bloodsworth, cannot recovery monetary damages from a sales representative, like Donnie Lanier, if they prove the factual allegations contained in their complaint.

In their complaint, the Bloodsworth specifically alleged that the defendants, including Donnie Lanier failed to properly "advise[ ] customers (including Mrs. Bloodsworth's surgeon, who was a learned intermediary) with respect to both the indications for, and the risks and benefits of , the product[s]" and "failed to adequately advise consumers (including Mrs. Bloodsworth's surgeon) that [these] product[s] could cause injury to individuals in whom [they] could be implanted." <u>Complaint</u> ¶¶ 3 & 6.

The Bloodsworths factually alleged that, in conversations with or in communications to a treating surgeon, Donnie Lanier failed to provide material information and/or warnings. The Bloodsworths' claims against Donnie Lanier are predicated on his interactions with the treating surgeon and on his misconduct in not providing the treating surgeon with material information needed to make an informed decision as to whether to implant Smith & Nephew products into Mary Bloodsworth.

Smith & Nephew failed to refer this Court to the opinion in <u>Stibor v. Ehticon, Inc.</u>, 2005 WL 1793589 (E.D. Wis. Jul. 27, 2005). In <u>Stibor</u>, Stephanie Stibor suffered a severe reaction after her doctor, Dr. Von Fossen, applied a medical device known as Intergel to her abdominal cavity following an outpatient laparoscopic surgery. Lifecore manufactured the device. Ethicon was engaged to market and sell the device. Krista Jacobson was a sales representative employed by Ehticon. Dr. Von Fossen attended a presentation where Jacobson recommended Intergel as safe for use following general gynecological surgeries, as opposed to just those applications for which Lifecore had secured FDA approval. The court rejected the contention that Jacobson had been fraudulently joined – "Ethicon fails to show there is no reasonable possibility the Wisconsin courts would preclude a finding of liability against Jacobson if all issues of law were resolved in favor of the plaintiffs." 2005 WL 1793589 at * 3.

The <u>Stibor</u> court observed "no Wisconsin court has ever held a sales representative like Jacobson is precluded from liability in this type of case." 2005 WL 1793589 at * 4. The court added:

> Moreover, the cases Ethicon cites from various district courts outside the Seventh Circuit do nothing to establish there is no reasonable possibility the Wisconsin courts would rule in favor of Jacobson. While the courts in those

4

>    cases did find the sales representatives for manufacturers of medical devices and pharmaceuticals were fraudulently joined, those cases are clearly distinguishable on the facts and law from the case at bar. In light of the foregoing, the court is obliged to remand this case to the state court.

2005 WL 1793589 at * 4 (footnote omitted).

The Stibor court concluded that, under Wisconsin substantive law, a sales representative might be held legally accountable for personally misrepresenting to Dr. Von Fossen that Intergel was safe to use as it was on Stibor. Because there was the possibility that, under Wisconsin substantive law, Jacobson might be held legally accountable, a remand was required. When addressing a motion to remand, a federal district judge should not be guessing how a state court would ultimately rule. Instead, any uncertainty as to state substantive law should be left for resolution by a state court after the matter is remand.

In Fitts v. Griffin, 304 F. Supp. 2d 1337 (M.D. Ala. 2004), in the Circuit Court of Lowndes County, Alabama, Fitts instituted a wrongful-death action against Griffin, the driver of the vehicle in which the deceased was riding as a passenger at the time of the underlying accident, and against entities allegedly involved in the supplying of a defective tire. The product-defendants removed the case, contending that Griffin had been fraudulently joined because Alabama's Guest Statute was a complete bar as to any negligence action brought against Griffin. Fitts asserted that Alabama's Guest Statute did not apply because the deceased was intoxicated.

Judge Albritton concluded that "Alabama law is not settled on whether an intoxicated passenger is a guest" for purposes of evoking the Guest Statute. 304 F. Supp. 2d at 1343. This unsettled question had to be left for resolution by an Alabama state

5

court and mandated granting Fitts' motion to remand. In response to the product-defendants' request for certification of the question to the Supreme Court of Alabama, Judge Albritton wrote:

> Pursuant to the Eleventh Circuit's guidance, certification is inappropriate in the context of ruling on a motion to remand. The Eleventh Circuit stated that if a case is properly before a district court pursuant to diversity jurisdiction, then the district court is bound to predict how the a state supreme court would rule on an issue or certify the question to the state supreme court. When determining, however, if a case should be remanded to state court, "the inquiry by federal judges *must* not go so far." When considering a motion to remand, "the question is whether there is arguably a reasonable basis for predicating that state law might impose liability on the facts involved. If that possibility exists, a good faith assertion of such an expectancy in a state court is not a sham ... and is not fraudulent in fact or in law."

304 F. Supp. 2d at 1344 (citing and quoting Crowe v. Coleman, 113 F.3d 1536, 1540-41 (11th Cir. 1997); emphasis added by Judge Albritton).

Under Alabama substantive law, as a general rule, an employee or agent is liable for his personal tortious or fraudulent conduct regardless of whether the conduct occurred in the course of his employment or agency relationship. Tolbert v. United Ins. Co. of Am., 853 F. Supp. 1374 (M.D. Ala. 1994); Ex parte Charles Bell Pontiac-Buick-Cadillac-GMC, Inc., 496 So. 2d 774, 775 (Ala. 1986). The Bloodsworths alleged that Donnie Lanier personally acted tortiously and fraudulently in his communicating material information to Mary Bloodsworth's treating surgeon. Smith & Nephew and Donnie Lanier proffered no clear and convincing evidence that no such communications occurred. For example, there is no denial that Donnie Lanier never communicated with Mary Bloodsworth's surgeon.

Smith & Nephew, Donnie Lanier, and Spar Medical are all represented by the same counsel. Yet, these defendants fail to supply evidence describing the contractual or business relationship among themselves. Smith & Nephew characterize Donnie Lanier as a sales representative and a "delivery man." Typically, a sales representative interacts with potential customers, in the present matter surgeons who might implant Smith & Nephew products into their patients, to secure orders and does not merely delivery ordered goods. There is no declaration as to what entity engaged Donnie Lanier's services as a sales representative. There is no affirmative declaration by Spar Medical that it did not participate in the supplying of the Smith & Nephew products that were implanted into Mary Bloodsworth.

The burden is solely on Smith & Nephew to show that Donnie Lanier and/or Spar Medical were fraudulent joined because Smith & Nephew must demonstrate the presence of removal jurisdiction and federal-subject matter jurisdiction. If Smith & Nephew had proffered a bit of evidence that clearly and convincingly proved that no viable cause of action could be asserted against Donnie Lanier and/or Spar Medical, then the Bloodsworth would have to proffer refuting evidence; **but** Donnie Lanier's affidavit contained no bit of evidence that clearly and convincing proved that no viable cause of action could be asserted against him and/or Spar Medical. Smith & Nephew seeks a finding on the merits based solely on the information that it chose to supply this Court while not availing the Bloodsworths the opportunity to uncover information possessed only by Smith & Nephew, Donnie Lanier, and/or Spar Medical.

In summation, because federal removal jurisdiction is very limited, the remanding of a removed case is favored where the existence of federal subject-matter jurisdiction is

not absolutely clear. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (1994). If a claim of fraudulent joinder is asserted, there is a presumption in favor of remand that can only be overcome by the removing party presenting clear and convincing supporting evidence. Parks v. New York Times Co., 308 F.2d 474, 748 (5th Cir. 1962), cert. denied, 376 U.S. 949, 84 S. Ct. 964, 11 L. Ed. 2d 969 (1964). To keep faith with these basic guiding principles, this Court must grant the motion to remand.

                                      Respectfully submitted by:

                                      TOM DUTTON
                                      Bar Number: ASB-2059-U50T
                                      Email: tom@pittmanhooks.com
                                      Attorney for Plaintiffs

OF COUNSEL:

PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
1100 Park Place Tower
2001 Park Place, North
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 – fax

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the above and foregoing motion upon all counsel of record by placing same in the United States Mail, proper first-class postage prepaid and properly addressed, to:

        James C. Barton, Jr.
        James P. Pewitt
        Alan D. Mathis
        JOHNSTON BARTON PROCTOR & POWELL LLP
        2900 AmSouth/Harbert Plaza
        1910 Sixth Avenue, North
        Birmingham, Alabama 35203-2618

Done this _____ day of August, 2005.

_____
OF COUNSEL