**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **MARY BLOODSWORTH and** | ) | |
| **JERRY BLOODSWORTH,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **CASE NO. 2:05cv622-d** |
| | ) | |
| **SMITH & NEPHEW, INC.,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPLY BY SMITH & NEPHEW, INC.,**
**IN FURTHER OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

Defendant Smith & Nephew, Inc. ("Smith & Nephew") submits this short reply to the brief filed by Plaintiffs on or about August 19, 2005 ("Plaintiffs' Response").  The purpose of this reply is to address specifically one case cited by Plaintiffs.

**I.      The *Stibor* Case Is Inapposite.**

Plaintiffs rely heavily on a decision of the United States District Court for the Eastern District of Wisconsin, *Stibor v. Ethicon, Inc.*, No. 04 C 1255, 2005 WL 1793589 (E.D. Wis. July 27, 2005).  In that case, a Wisconsin federal court determined that, under Wisconsin law, the plaintiff could possibly succeed on a negligence claim against a non-diverse sales representative. In reaching its decision, the court engaged in a lengthy discussion of the intricacies of the law of negligence in the state of Wisconsin.

The problem with Plaintiffs' reliance on *Stibor* is that Wisconsin has not adopted the learned intermediary doctrine.  Wisconsin's appellate courts have not yet addressed in any published decisions whether the learned intermediary doctrine applies with regard to drugs or

medical devices.  The learned intermediary doctrine was discussed in *Kurer v. Parke, Davis & Co.*, 679 N.W. 2d 867 (Wis. 2004), a failure to warn case involving an oral contraceptive. However, the court ultimately decided the case on other grounds, and explicitly stated that it was making no determination of whether the learned intermediary doctrine applied.  *Id.* at n.7.

Because Wisconsin has not adopted the learned intermediary doctrine, the court's analysis in *Stibor* is not responsive to the arguments advanced by Smith & Nephew.  Indeed, the court in *Stibor* states in its opinion that cases involving the application of the learned intermediary doctrine "are clearly distinguishable on the facts and law."  *Stibor v. Ethicon, Inc.*, No. 04 C 1255, 2005 WL 1793589, at * 3, n.3 (E.D. Wis. July 27, 2005).

## II.     Alabama Has Adopted The Learned Intermediary Doctrine.

Unlike Wisconsin, Alabama *has* adopted the learned intermediary doctrine.  *See Stone v. Smith, Kline & French Labs.*, 731 F. 2d 1575, 1579-1580 (11th Cir. 1984).  Alabama has both adopted the learned intermediary doctrine and applied it to the sale of medical devices.  *See*, *e.g.*, *Morguson v. Baxter Healthcare Corp.*, 857 So. 2d 796 (Ala. 2003).  As Smith & Nephew set out in its opposition to Plaintiffs' motion to remand, based on the allegations of the Bloodsworths' Complaint, Alabama's adoption of the learned intermediary doctrine would preclude any possibility of negligence or suppression claims against Donnie Lanier, the sales representative in this case.

## III.    Courts Have Determined That The Learned Intermediary Doctrine Precludes Claims Against A Sales Representative.

Other courts have addressed the application of the learned intermediary doctrine in the context of fraudulent joinder, finding that the doctrine precludes claims against a sales representative like Donnie Lanier.  *See* Smith & Nephew's Opposition to Plaintiffs' Motion to Remand at pp. 8-10.  The reason is twofold:  First, under the doctrine, there is no duty to warn

patients concerning a medical device.  *See Morguson*, *supra*, 857 So. 2d at 801-02.  Second, any duty to warn physicians about the dangers of a medical device is placed upon the device's manufacturer, not the sales representative.  *See Walker v. Medtronic, Inc.*, No. 1:03CV74-D-D, 2003 WL 21517997, at *3  (N.D. Miss. June 4, 2003) (finding that a sales representative had been fraudulently joined and denying a motion to remand, the court wrote that "[u]nder the learned intermediary doctrine, any duty to warn a physician about the dangers of a medical device is placed upon the device's manufacturer ...."); *Catlett v. Wyeth, Inc.*, No. 5:04-CV-154-2, 2004 U.S. Dist. LEXIS 26498, at *22  (M.D. Ga. September 14, 2004) ("There is no basis for a claim against a sales representative under the learned intermediary doctrine that imposes a duty on the *manufacturer* of the drug to warn the physicians")  (emphasis supplied).[1]

A duty to warn of defects in the medical devices at issue in this case would have been imposed on Smith & Nephew, not Donnie Lanier.  Because the Bloodsworths cannot establish the existence of an independent duty to warn as to Mr. Lanier, they cannot state colorable claims of negligence or suppression against him.

## CONCLUSION

After reviewing the vague and conclusory allegations in the Complaint and the various submissions of the parties, this Court should conclude that the Bloodsworths have no colorable claims against the non-diverse defendants.  Donnie Lanier and Spar Medical, Inc., did not design, manufacture, sell, distribute, or warrant those devices.  They made no representations to Ms. Bloodsworth about those devices.  They had no knowledge of any defect in those devices.  If the Bloodsworths had colorable claims against Donnie Lanier and/or Spar Medical, Inc., those

---

[1] To find that a medical device manufacturer's breach of a duty would not create liability for a sales representative would be consistent generally with the law of agency in Alabama, which provides that, if a master breaches a duty it owes to a third party, the master may be liable; however, the master's liability does not necessarily mean that its servants are also liable for the breach.  *See Southeastern Greyhound Lines v. Callahan*, 13 So. 2d 660 (Ala. 1943).

claims would have been described in their Complaint with the specificity required by Rule 9.

Donnie Lanier and Spar Medical, Inc., were named solely to avoid federal jurisdiction, where

expert testimony on complex issues regarding the design of orthopedic medical devices are

subjected to the rigorous *Daubert* standard of review.  Because Donnie Lanier and Spar Medical,

Inc., have been fraudulently joined, their citizenship should be disregarded.


s/ James C. Barton, Jr.
James C. Barton, Jr.
Bar Number: ASB-0237-B51J
Email: jbartonjr@jbpp.com


s/ James P. Pewitt
James P. Pewitt
Bar Number: ASB-7642-P62J
Email: jpewitt@jbpp.com


s/ Alan D. Mathis
Alan D. Mathis
Bar Number: ASB-8922-A59M
Email: adm@jbpp.com


Attorneys for Defendant
Smith & Nephew, Inc.


**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Telephone:     (205) 458-9400
Facsimile:      (205) 458-9500

**OF COUNSEL**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the above and foregoing with the Clerk of the Court on August 25, 2005, using the CM/ECF system, which will send notification of such filing to the following:

Tom Dutton, Esq.
PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North, Suite 1100
Birmingham, Alabama 35203
(205) 322-8880


s/ Alan D. Mathis
Of Counsel


W0523292.RTF