UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARY BLOODSWORTH and ) | |
| JERRY BLOODSWORTH, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | CASE NUMBER: |
| ) | |
| SMITH & NEPHEW, INC., ) | 2:05cv622-d |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MOTION FOR MORE DEFINITE STATEMENT**

Defendants Smith & Nephew, Inc. ("Smith & Nephew"), and Donnie Lanier ("Lanier") move the Court, pursuant to Rules 9(b) and 12(e) of the Federal Rules of Civil Procedure, to enter an Order directing plaintiffs to amend their Complaint, to plead their claims of fraud and suppression with sufficient particularity, prior to the deposition of Lanier.

As grounds therefor, Smith & Nephew and Lanier state as follows:

1.  Plaintiffs have failed to plead their fraud claims against Lanier with particularity to satisfy Rule 9(b). The Court has in fact held that plaintiffs' "fraud averments in the Complaint are deficient under the heightened pleading requirements" of Rule 9(b). (Order, dated December 19, 2005, p. 28.)(the "Order".) Specifically, the Court held that Mary Bloodsworth has "not alleged 'precisely' what misstatements were made and what facts were omitted by Lanier; she has not identified the time or the place of such statements or omissions; and she has not set forth the manner in which she claims she was misled." (Order, p. 23)(citing *Ziemba v. Cascade, Int'l., Inc.,* 256 F. 3d 1194, 1202 (11th Cir. 2001).

2.      Plaintiffs' boilerplate pleadings fail to provide even the most basic notice to Smith & Nephew and Lanier of the claims asserted against them, the very purpose underlying Rule 9(b). *U.S. Ex Rel. Barrett v. Columbia/HCA Health Care,* 251 F. Supp. 2d 28, 34 (D.D.C. 2003)("The main purpose of Rule 9(b) is to ensure that defendants have notice of the charges against them to prepare a defense."); *Accord, McAllister Towing & Transportation Co., Inc. v. Thorn's Diesel Service, Inc.,* 131 F. Supp.2d 1296, 1300 (M.D. Ala. 2001)(Rule 9(b) "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior.")(citations omitted.)  In fact, plaintiffs' pleadings are completely void of any specific facts.  For example, as the Court has recognized, the pleadings do not identify the alleged dangers suppressed by Lanier and whether they relate to the design or manufacture of the subject products, or whether they relate to the availability of the subject products.  (Order, p. 20, n. 6.)  Moreover, plaintiffs' complaint does not even specify which of the products implanted in Mrs. Bloodsworth are allegedly defective.

3.      The Court has acknowledged that "[p]laintiffs' failure to allege Mrs. Bloodsworth's fraud claims with particularity no doubt has frustrated the efforts of Smith & Nephew to combat the allegations of fraud in arguing that Lanier's joinder is fraudulent."  (Order, p. 23).  The Court's observation is correct not only with respect to Smith & Nephew's ability to pursue its argument of fraudulent joinder, but it is also correct with respect to Smith & Nephew's and Lanier's ability to prepare a defense against plaintiffs' fraud claims on the merits.

4.      The difficulties presented by plaintiffs' deficient pleadings are all the more pressing because of the pending deposition of Lanier.  Pursuant to the Court's Order, Lanier will appear for deposition on January 13, 2006.  Thus, Smith & Nephew and Lanier find themselves in the

untenable position of arguing Lanier's fraudulent joinder, defending the merits of plaintiffs' fraud claims on the merits and tendering Lanier for deposition on the subject of those claims, armed with only plaintiffs' deficient pleadings to guide them.

5.     Plaintiffs should not be allowed to shirk their responsibilities by failing to comply with Rule 9(b), an extension of the policy underlying the general pleading requirements of the Federal Rules of Civil Procedure, namely, providing the "defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See, Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001)(addressing pleading requirements under Rule 8.)(citations omitted.). Permitting plaintiffs to depose Lanier without having sufficiently pled their fraud claims deprives Lanier and Smith & Nephew of "notice of the charges against them to [enable them] to prepare a defense." *Barrett*, 251 F. Supp.2d, at 34. Such a scenario is contrary not only to the letter and spirit of Rule 9(b), but also to the very policy embodied by the pleading requirements of the Federal Rules of Civil Procedure, and should not be allowed.

WHEREFORE, Smith & Nephew, Inc., and Donnie Lanier move the Court to enter an Order directing plaintiffs to immediately amend their complaint, pleading their claims of fraud and suppression with sufficient particularity in compliance with Rule 9(b), well prior to the deposition of Donnie Lanier.

s/ Lee M. Pope
James C. Barton, Jr.
Lee M. Pope
Alan D. Mathis

Attorneys for Defendant
Smith & Nephew, Inc.

**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
(205) 458-9400

**OF COUNSEL**

## CERTIFICATE OF SERVICE

       I hereby certify that on this the 28th day of December, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Tom Dutton
Pittman, Hooks, Dutton, Kirby
  & Hellums, P.C.
1100 Park Place Tower
2001 Park Place North
Birmingham, AL 35203

        s/ Lee M. Pope
        Of Counsel