IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARY BLOODSWORTH, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 2:05cv622-D |
| | ) |
| SMITH & NEPHEW, INC.; et al., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT

In compliance with this Court's Order of December 29, 2005, Mary and Jerry Bloodsworth offer this response in opposition to the motion for more definite statement, jointly filed by Smith & Nephew, Inc. and Donnie Lanier. For the reasons stated herein, there is no cause for granting the defendants' motion.

Memorandum Opinion and Order of December 19, 2005

On December 19, 2005, in connection with the plaintiffs' motion to remand and associated matters, this Court entered a memorandum opinion and order that, hereinafter, will be cited as "Order."

As to the pending motion for more definite statement, language in the last third of this Order is pertinent. In discussing the previously submitted affidavit executed by Donnie Lanier, this Court observed:

> Plaintiffs contend that Lanier's attestations are "very general" in nature and point out that Lanier has not been

> subject to cross-examination. For the reasons to follow, the court does not agree in full with either party's position, but finds that the best course of action is to give Plaintiffs an opportunity to conduct limited jurisdictional discovery and to file a statement which complies with the heightened pleading requirements prior to the court examining whether substantively there exists a viable fraud claim.

Order at 20-21.

This Court specifically found that, in his affidavit, Donnie Lanier did "not discuss[ ] his personal involvement concerning the sale of the products at issue and his interaction with Mrs. Bloodsworth's surgeon" and "avoided answering whether he is the representative who was involved in the sale of the Smith & Nephew products at issue." Order at 21. This Court further stated:

> Moreover, Lanier's affidavit is silent as to the nature and extent of Lanier's statements to and communications with Mrs. Bloodsworth's surgeon concerning the products at issue. Although Lanier has denied knowledge of a manufacturing defect in the products at issue, his denial does not necessarily negate the possibility that there were other statements, knowingly and falsely made or omitted, unrelated to a manufacturing or design defect, which would constitute fraud. Overall, the court questions whether Lanier's attestations provide a sufficiently concrete basis for the court to find no possibility of a viable fraud claim against Lanier.

Order at 22.

At the same time, this Court expressed concerns as to whether the Bloodworths had sufficiently asserted the specifics of their fraud-based claim against Donnie Lanier. Yet, this Court wrote:

> While the court agrees with Smith & Nephew that the Complaint's allegations are deficient to satisfy the heightened pleading requirements applicable where fraud claims are alleged, the court is not persuaded that, on the present record, Plaintiffs' pleading deficiencies

2

> automatically warrant a finding of fraudulent joinder. On the other hand, the court does not agree with Plaintiffs that the state court, after remand, is the forum which should evaluate whether Plaintiffs can remedy the deficiencies. This court finds that, in this case, the better course is to give Plaintiffs an opportunity to cure the pleading deficiencies, through the submission of a supplemental statement, at which time the court will assess whether Lanier has been fraudulently joined on the fraud claims.

Order at 24-25.

This Court also appreciated that the Bloodsworths were not directly privy to communications and/or conversations between Donnie Lanier and the surgeon. This Court wrote:

> The court also finds that these facts present an atypical scenario in that Plaintiffs were not the recipients of the alleged fraudulent statements and omissions; therefore, they did not witness what, if anything, occurred between Lanier and Mrs. Bloodsworth's surgeon concerning the sale of the products at issue. The court, thus, concludes that Plaintiffs should be given the opportunity to depose Lanier in order to flesh out their fraud claims. In short, the court agrees with Plaintiffs that jurisdictional discovery as to whether Lanier has been fraudulently joined is appropriate under these facts.

Order at 25.

In the "Conclusion," this Court wrote:

> The viability of the fraud claims at present remains unclear. Smith & Nephew's evidence is not sufficiently specific, thus, precluding the court from relying on it to find that Lanier is fraudulently joined as to the fraud claims. At the same time, the fraud averments in the Complaint are deficient under the heightened pleading requirements, also preventing the court from ascertaining whether those facts present the possibility that a state court would find a fraud claim viable. Given these competing deficiencies, the court will allow Plaintiffs leave to conduct limited discovery to depose Lanier and will permit Plaintiffs leave to file a statement alleging with particularity the averments of fraud.

3

> The court will hold in abeyance Plaintiffs' motion to remand.

Order at 28-29. Consistent with these declarations, this Court gave the Bloodsworths "until January 18, 2006 (1) to depose Donnie Lanier with the restriction that the deposition shall be limited to the jurisdictional issues raised by the removal and the motion to remand concerning the fraud claims, (2) to file a statement setting forth with particularity the fraud claim, and (3) to file a supplemental brief." Order at 29.

The just-restated schedule logically directs that Donnie Lanier will be deposed **before** the Bloodsworths are required "to file a statement setting forth with particularity the fraud claim." This schedule envisions that Donnie Lanier will be deposed prior to January 18th so that the Bloodsworths will have time to prepare the statement and any supplemental brief by the January 18th deadline. Presently, Donnie Lanier is scheduled to be deposed on January 13, 2006.

That Donnie Lanier is to be deposed before the Bloodsworths are to file the statement is totally consisted with the above-reprinted passages from the December 19th Order. In particular, this Court observed that the Bloodsworths need to question Donnie Lanier concerning his communications and conversations with Mary Bloodsworth's surgeon "in order to flesh out their fraud claims." Throughout the December 19th Order, this Court indicated that Donnie Lanier would first be deposed and then the Bloodsworths would file a statement that described the particulars of a viable fraud-based claim against Donnie Lanier.

The December 19th Order clearly imposed restrictions on the scope of Donnie Lanier's deposition. The Bloodsworths will be limited to inquiring only into matters that are germane to the jurisdictional issue presenting before this Court. Donnie Lanier will

4

be questioned regarding his involvement with the Smith & Nephew products implanted in Mary Bloodsworth, his communications and conversations with Mary Bloodsworth's surgeon, and related matters.

In summation, on December 19, 2005, this Court provided a schedule that called for Donnie Lanier being deposed before the Bloodsworths filed a statement providing more particulars as to the exact nature of their claims of fraudulent conduct on the part of Donnie Lanier. Donnie Lanier's deposition was limited in scope, and this Court believed that the Bloodsworths required information in Donnie Lanier's possession before they should be required to provide more particulars.

## Defendants' Pending Motion

Smith & Nephew and Donnie Lanier request the entry of "an Order directing plaintiffs to amend their Complaint, to plead their claims of fraud and suppression with sufficient particularity, prior to the deposition of Lanier." Motion for More Definite Statement at 1. As just demonstrated, this request is utterly inconsistent with the schedule announced in this Court's December 19th Order.

In their motion, Smith & Nephew and Donnie Lanier pointed out this Court's criticisms of the Bloodsworths' pleading of their fraud-based claims in the complaint **but** totally ignore this Court's "solution," namely depose Donnie Lanier first, albeit with restrictions on the scope of the deposition, before requiring the filing of a statement delineating the nature of the fraud claims with more particularity. Presently, this Court's primary concern is whether it has subject-matter jurisdiction or must remand this matter back to state court. This Court desires clarification from the Bloodsworths as to the exact

5

nature of their claims that Donnie Lanier committed some actionable fraudulent conduct **but** appreciates that the Bloodsworths need to question Donnie Lanier before they can provide such clarification. In the December 19th Order, this Court expressly rejected Smith & Nephew's invitation to find fraudulent joinder based on pleading deficiencies; instead, this Court determined that the best course was to allow a limited deposing of Donnie Lanier, the submission by the Bloodsworths of a clarifying statement, and a revisiting of the motion to remand. This Court's criticisms provide no basis for granting the present motion for a more definite statement.

In their motion, Smith & Nephew and Donnie Lanier wrote:

> The Court has acknowledged that "[p]lantiffs' failure to allege Mrs. Bloodsworth's fraud claims with particularity no doubt has frustrated the efforts of Smith & Nephew to combat the allegations of fraud in arguing that Lanier's joinder is fraudulent." (Order, p. 23). The Court's observation is correct not only with respect to Smith & Nephew's ability to pursue its argument of fraudulent joinder, but is also correct with respect to Smith & Nephew's and Lanier's ability to prepare a defense against plaintiffs' fraud claims on the merits.
>
> The difficulties presented by plaintiffs' deficient pleadings are all the more pressing because of the pending deposition of Lanier. ... Thus, Smith & Nephew and Lanier find themselves in the untenable position of arguing Lanier's fraudulent joinder, defending the merits of plaintiffs' fraud claims on the merits and tendering Lanier for deposition on the subject of those claims, armed with only plaintiffs' deficient pleadings to guide them.

Motion for More Definite Statement ¶¶ 3-4. Yet, as just restated herein, this Court's present concern is whether it possesses subject-matter jurisdiction as to this lawsuit, and Donnie Lanier's January 13th deposition is restricted in scope to jurisdictional issues. The Bloodsworths will be estopped from questioning Donnie Lanier as to matters that

6

pertaining solely to the merits, as opposed to being germane to the jurisdictional question. It is evident from language in the December 19th Order that this Court appreciates that, based upon Donnie Lanier's personal involvement with the products implanted in Mary Bloodsworth and upon Donnie Lanier's communications or conversations with Mary Bloodsworth, the Bloodsworths may be able to assert a fraud-based claim against Donnie Lanier that would survive a Rule 12(b)(6)-based motion to dismiss. This Court appreciates that the Bloodsworths are entitled to question Donnie Lanier about his involvement with the subject products and about his communications and conversations with the surgeon before the Bloodsworths are required to clarify the nature of claims that Donnie Lanier committed some actionable fraudulent conduct. Clearly, after this initial jurisdictional issue is resolved, either in this Court or in the state court, these defendants may refile any appropriate motion for a more definite statement. The ultimate "merits" of any fraud-based claims are not relevant in deciding whether Donnie Lanier has been fraudulently joined as a party-defendant. By its December 19th Order, this Court established a schedule that protects the interests of all parties and precludes the necessity of any amending of the complaint prior to Donnie Lanier's January 13th deposition.

Argument

In discussing this Court's December 19th Order and the defendants' pending motion, the Bloodsworths have proffered the gist of their argument as to why this motion for a more definite statement must be denied. The defendants' pending motion is effectively a "collateral" attack on the December 19th Order and an attempt to revise the schedule announced in the December 19th Order. Appropriately, in the December 19th

Order, this Court provided that Donnie Lanier's "limited" disposition would taken first and before the Bloodsworths were required to submit a statement clarifying the exact nature of their fraud-based claims against Donnie Lanier and/or Smith & Nephew. This Court acknowledged that, under the particular circumstances, it was appropriate to allow some questioning of Donnie Lanier before the submitting of this statement because the Bloodsworths were not privy to Donnie Lanier's communications or conversations with Mary Bloodsworth's surgeon. It was just to first afford the plaintiffs the chance to depose Donnie Lanier as to such communications or conversations.

Donnie Lanier's scheduled deposition is limited to matters relevant to the jurisdictional question delineated in the December 19th Order. Matters pertaining solely to the merits of any claims asserted against Smith & Nephew cannot be explored during this deposition. Neither Smith & Nephew nor Donnie Lanier proffer any viable reason to alter the schedule announced in the December 19th Order. A reading of the December 19th Order provides all parties with notice of the limitations imposed on the deposition and what this Court expects from all parties before it revisits the motion to remand and the question of whether Donnie Lanier was fraudulently joined as a party-defendant.

As expressed in the December 19th Order, this Court's present concern is whether a potentially viable fraud-based cause of action can be asserted against Donnie Lanier because, if so, there was no fraudulent joinder and no federal subject-matter jurisdiction. This Court desires confirmation that Donnie Lanier communicated or conversed with Mary Bloodsworth's surgeon and wants to know some basic details of any such communications or conversations. Upon learning those details, this Court will be able to perform its function of deciding whether Smith & Nephew met its heavy burden of

showing the Donnie Lanier was fraudulently joined as a party-defendant. This Court's immediate concern is its inability to discern the exact nature of the Bloodsworths' contention that Donnie Lanier acted fraudulently.

The Bloodsworths would renew their argument that, because this Court is uncertain as to whether a viable cause of action has been asserted Donnie Lanier, the proper course of action is to remand this matter and to allow a state court judge to determine the viability of any cause of action asserted against Donnie Lanier. Under this approach, Smith & Nephew may file second notice of removal should the state court judge find that Donnie Lanier is not a viable party-defendant. Yet, under both the approach taken in the December 19th Order or under the approach advocated by the Bloodsworths, it would be inappropriate to grant the defendants' present motion for a more definite statement.

In summation, there is no just cause for granting the defendants' present motion for a more definite statement. On December 19, 2005, this Court established a clear schedule calling for Donnie Lanier's deposition occurring before the submission by the Bloodsworths of a statement clarifying the particulars of their fraud-based claims against Donnie Lanier. The defendants have presented no justification for disturbing this schedule.

Respectfully submitted by:

TOM DUTTON
Bar Number: ASB-2059-U50T
Email: tom@pittmanhooks.com
Attorney for Plaintiffs

OF COUNSEL:

PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
1100 Park Place Tower
2001 Park Place, North
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 – fax

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing motion upon all counsel of record by placing same in the United States Mail, proper first-class postage prepaid and properly addressed, to:

>James C. Barton, Jr.
>James P. Pewitt
>Alan D. Mathis
>Lee McWhorter Pope
>JOHNSTON BARTON PROCTOR & POWELL LLP
>2900 AmSouth/Harbert Plaza
>1910 Sixth Avenue, North
>Birmingham, Alabama 35203-2618

Done this 3rd day of January, 2006.

_____
OF COUNSEL