UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARY BLOODSWORTH and | ) | |
| JERRY BLOODSWORTH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | CASE NUMBER: |
| | ) | |
| SMITH & NEPHEW, INC., | ) | 2:05cv622-d |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR EXTENSION OF DEADLINE TO
FILE RESPONSE TO PLAINTIFFS' SUPPLEMENTAL
PLEADING REGARDING FRAUD CLAIMS**

Defendant Smith & Nephew, Inc. ("Smith & Nephew"), moves the Court to enter an Order extending until February 10, 2006, the deadline for the filing of Smith & Nephew's response to plaintiffs' supplemental pleading regarding their fraud claims.

As grounds therefor, Smith & Nephew state as follows:

1. By Order dated December 19, 2005 (the "Order"), the Court granted plaintiffs leave to conduct limited jurisdictional discovery by taking the deposition of defendant Donnie Lanier ("Lanier") about "the nature and extent of Lanier's statements to and communications with Mrs. Bloodsworth's surgeon concerning the products at issue." (Order, p. 22.)

2. In accordance with the Order, Lanier was deposed on January 13, 2006, and the plaintiffs filed their supplemental pleading on January 17, 2006. Smith & Nephew's response to plaintiffs' supplemental pleading is due by January 31, 2006.

3. To adequately oppose plaintiffs' latest filing and their motion to remand this action to the Circuit Court of Montgomery County, Alabama, Smith & Nephew requires the deposition of Donald F. Hodurski, M.D. ("Dr. Hodurski"). Dr. Hodurski is the surgeon who implanted the products in question in this action, and whose communications with Lanier were the subject of Lanier's deposition. As noted by the Court in the Order, Dr. Hodurski would have been the recipient of any alleged fraudulent statements or omissions made by Lanier, making his testimony essential to the issue of whether plaintiffs have a viable fraud or suppression claim against Lanier and thus, whether Lanier is fraudulently joined in this action.

4. The undersigned has endeavored to schedule Dr. Hodurski's deposition in sufficient time before January 31, 2006, but scheduling conflicts among counsel for the parties and Dr. Hodurski prevents scheduling of the deposition in that time. Dr. Hodurski and counsel for all parties are available on February 6, 2006, and Dr. Hodurski's deposition has been scheduled for that day.

5. Permitting Smith & Nephew to file its response to plaintiffs' supplemental pleading on February 10, 2006 will permit the parties to depose Dr. Hodurski and allow Smith & Nephew sufficient time to draft its response upon receipt of said deposition transcript. Most importantly, however, allowing the parties to depose Dr. Hodurski about his communications with Lanier will allow the Court to review and consider all relevant evidence before ruling on plaintiffs' motion to remand.

6. Counsel for plaintiffs consents to the Court's granting of this motion.

WHEREFORE, Smith & Nephew respectfully requests that the Court enter an Order extending to February 10, 2006 the deadline for Smith & Nephew to file its response to plaintiffs' supplemental pleading.

          s\Lee M. Pope
          James C. Barton, Jr.
          Lee M. Pope
          Alan D. Mathis

          Attorneys for Defendants
          Smith & Nephew, Inc. and
          Donnie Lanier

**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Telephone: (205)458-9400
Facsimile: (205)458-9500

  **OF COUNSEL**

## CERTIFICATE OF SERVICE

  I hereby certify that on this the 23rd day of January, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Tom Dutton
Pittman, Hooks, Dutton, Kirby
 & Hellums, P.C.
1100 Park Place Tower
2001 Park Place North
Birmingham, AL 35203

          s\Lee M. Pope
          Of Counsel