# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

|  |  |  |
|---|---|---|
| MARY BLOODSWORTH and | ) | |
| JERRY BLOODSWORTH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: 2:05-cv-622-D |
| | ) | |
| | ) | |
| SMITH & NEPHEW, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT SMITH & NEPHEW, INC.'S
## MOTION FOR SUMMARY JUDGMENT

COMES NOW, defendant Smith & Nephew, Inc. ("Smith & Nephew"), pursuant to Fed. R. Civ. P. 56, and moves this Court to enter summary judgment in its favor and against plaintiffs on the ground that there is no genuine issue as to any material fact and that Smith & Nephew is entitled to judgment as a matter of law because plaintiffs have no admissible expert testimony, an essential element to their claims.

1.      On June 20, 2005, plaintiffs commenced this action, claiming that Smith & Nephew products implanted in Mrs. Bloodsworth as part of a total hip replacement were defective and caused her injury.  More specifically, plaintiffs claim that they were "injured and damaged" because Smith & Nephew's "hip prosthesis, including the retaining lining and ring," which is better known as a "constrained liner," was in a defective condition when it was implanted in Mrs. Bloodsworth.  (Complaint ¶ 1).

2.      The prosthetic hip replacement system implanted in Mrs. Bloodsworth consists of a cup with a polyethylene liner that is implanted in the patient's acetabulum (the "acetabular

cup"), and a femoral stem (the "femoral stem") with a synthetic ball on the head of the stem that is implanted into the patient's femur. (Hodurski Depo., p. 8).[1] The synthetic ball on the head of the femoral stem rests within the polyethylene liner of the acetabular cup, simulating the ball and socket mechanism of the hip joint. (Hodurski Depo., pp. 7-9). If the patient suffers hip dislocations, as was the case with Mrs. Bloodsworth subsequent to a fall in the shower, the surgeon may choose to perform a second surgery to revise the prosthesis in hopes of decreasing the chances of further dislocations. (Hodurski Depo., p 13). Implanting a constrained liner is one of several options. (Hodurski Depo., pp. 16-18). The constrained liner (a polyethylene liner with a locking ring) fits in the acetabular cup of the hip replacement system, its purpose being to provide additional stability and thereby decrease the chances that the ball on the head of the femoral stem will come out of the polyethylene liner of the acetabular cup resulting in dislocation. (Hodurski Depo., pp. 14-16); (Lanier Depo., p. 15).[2]

3.     Because the product at issue in this case is "of a complex and technical nature such that a lay juror could not, in the absence of expert testimony, infer that a defective condition of the product caused the product's failure and caused the resulting injury to the plaintiff, expert testimony is a necessary component of . . . plaintiff's case." *Cooper v. Toshiba Home Tech. Corp.*, 76 F. Supp. 2d 1269, 1276 (M.D. Ala. 1999) (holding that design and manufacture of kerosene heater was complex and technical matter such that expert testimony was necessary) (citing *Townsend v. General Motors Corp.*, 642 So. 2d 411, 415 (Ala. 1994), and *Brooks v. Colonial Chevrolet-Buick*, 579 So. 2d 1328, 1333 (Ala. 1991)); *see also Sears, Roebuck & Co. v. Haven Hills Farm, Inc.*, 395 So. 2d 991, 995 (Ala. 1981) (stating that expert testimony is

---

[1]     A transcript of Dr. Hodurski's deposition is included in the record as Document # 31-2.
[2]     A transcript of Donnie Lanier's deposition is included in the record as Document # 31-3.

ordinarily required to prove product defect because of complex and technical nature of commodity).

4.      Plaintiffs have no admissible expert testimony in support of their claims that the Smith & Nephew hip prosthesis, or any component thereof, that was implanted into Mrs. Bloodsworth was defective and proximately caused plaintiffs' alleged injuries.  (*See* Defendant Smith & Nephew, Inc.'s Motion to Strike Expert Disclosure and Exclude Opinion Testimony of Plaintiffs' Expert, Donald F. Hodurski, M.D.) (Doc. # 37).

5.      Absent this "necessary component" of plaintiffs' case, Smith & Nephew is entitled to summary judgment as a matter of law.  *See, e.g., Cook v. Sunbeam Prod., Inc.*, 365 F. Supp. 2d 1189, 1193-94 (N.D. Ala. 2005) (finding that expert testimony was "integral" to the case, granting defendant's motion to exclude testimony of plaintiff's expert, and holding that "[c]onsequently, absent any admissible expert witness testimony on product defect . . . there are no material factual disputes, and Sunbeam is entitled to judgment as a matter of law . . . ."); *Robinson v. Ford Motor Co.*, 967 F. Supp. 482, 487 (M.D. Ala. 1997) (precluding plaintiff from offering expert testimony for failure to comply with scheduling order and holding: "As expert testimony is necessary for plaintiff to establish a prima facie case under the AEMLD, the preclusion of this testimony is dispositive of plaintiff's case.").

WHEREFORE, Smith & Nephew respectfully requests that this Court enter summary judgment in its favor and against plaintiffs.

s/ Lee M. Pope
Lee M. Pope
Alabama Bar No:  ASB-9286-P43L
Email:  lmp@jbpp.com

One of the attorneys for Defendant,
Smith & Nephew, Inc.

**JOHNSTON BARTON**
**PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue, North
Birmingham, Alabama 35203
Telephone:  (205) 458-9400
Facsimile:  (205) 458-9500

**OF COUNSEL**


## CERTIFICATE OF SERVICE


I hereby certify that I electronically filed the above and foregoing with the Clerk of the Court on October 13, 2006, using the CM/ECF system, which will send notification of such filing to the following:

Tom Dutton, Esq.
PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North, Suite 1100
Birmingham, Alabama 35203
(205) 322-8880


s/ Lee M. Pope_____
Of Counsel


W0576011.DOC