IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARY BLOODSWORTH and<br>JERRY BLOODSWORTH,<br><br>      Plaintiffs,<br><br>vs.<br><br>SMITH & NEPHEW, INC., et al.,<br><br>      Defendants. | CIVIL ACTION NUMBER<br>2:05-cv-622-D |

**PLAINTIFFS' MEMORANDUM BRIEF IN OPPOSITION TO DEFENDANT'S "MOTION TO STRIKE PLAINTIFFS' EXPERT DISCLOSURE AND EXCLUDE OPINION TESTIMONY OF PLAINTIFFS' EXPERT, DONALD F. HODURSKI, M.D."**

Mary Bloodsworth and Jerry Bloodsworth offer this memorandum brief in opposition to the "Motion to Strike Plaintiffs' Expert Disclosure and Exclude Opinion Testimony of Plaintiffs' Expert, Donald F. Hodurski, M.D." filed by Smith & Nephew, Inc. For the reasons stated herein, plaintiffs ask this Court to deny this motion.

*"Untimely" Disclosure*

Unquestionably, plaintiffs' counsel did not submit Rule 26(a)(2) information regarding Dr. Hodurski until September 13, 2006, two days after the deadline set forth in the Scheduling Order. Pursuant to Rule 16(f) of the Federal Rules of Civil Procedure, this Court may sanction a breach of a Scheduling Order. The sanction requested by Smith & Nephew is far too severe to impose in the present matter. The delay in

identifying Dr. Hodurski was just two days; having previously deposed Dr. Hodurski, Smith & Nephew was fully aware of his dislike of Smith & Nephew's constrained liners from a design aspect; and any delay must be blamed on the Bloodsworths' attorney, and not them. Smith & Nephew can hardly argue that it was prejudiced by a mere two-day delay in being informed that the Bloodsworths would utilize Dr. Hodurski as an expert witness.

As recently observed by Judge Thompson, while the sanctions authorized by Rule 16(f) "are designed to punish lawyers and parties for unreasonably delaying or otherwise interfering with the court's ability to expeditiously manage trial preparation, to prevent unfair prejudice to the litigants, and to insure the integrity of the discovery process," a severe sanction should only be employed as a "last resort" and "only in extreme circumstances." Kelley Foods of Ala., Inc. v. Myers Nissi & Co., Inc., 2006 WL 2290835 at * 2 (M.D. Ala. Aug. 9, 2006)(citations omitted). In Kelley Foods, Judge Thompson refused Myers Nissi's request that Kelley Foods be severely sanctioned for filing its initial disclosures some two months after the deadline set in the initial scheduling order. Among other things, Myers Nissi showed no prejudice that would justify a severe sanction.

In the present matter, the delay was just two days, and Smith & Nephew makes no showing of prejudice resulting from this two-day delay in the formal identification of Dr. Hodurski as an expert witness. The requested sanction – striking the expert disclosure and excluding Dr. Hodurski's expert opinion testimony – is too severe under the circumstances in this case.

2

*Formalistic Sufficiency of Expert Disclosure*

Again, the sanction should "fit the offense," and Smith & Nephew requests too severe a sanction under the particular circumstances in this case. While Dr. Hodurski's deposition may have been narrow in its scope, in answering questions, Dr. Hodurski disclosed his dislike of the design of Smith & Nephew's constrained liners, including the one used in treating Mary Bloodsworth. Smith & Nephew cannot realistically claim surprise that the Bloodsworths would identify Dr. Hodurski as an expert witness and seek to solicit more details regarding his previously stated opinion that the design of Smith & Nephew's constrained liners is "incorrect." Smith & Nephew has not sought to re-depose Dr. Hodurski.

*Reliability and Admissibility*

Dr. Hodurski is an experienced orthopedic surgeon. As stated in his curriculum vitae, he has been a practicing orthopedic surgeon since 1976. Smith & Nephew wrote: "Indeed, Dr. Hodurski's opinions are based *exclusively* on *his* very limited experience with the use of the product on his patients – he has used a Smith & Nephew constrained liner only twice." <u>Defendant Smith & Nephew, Inc.'s Motion to Strike Plaintiffs' Expert Disclosure and Exclude Opinion Testimony of Plaintiffs' Expert, Donald F. Hodurski, M.D.</u> ¶ 18. This declaration ignores Dr. Hodurski's general experience with similar constrained liners manufactured by other companies and his decision to cease using the subject Smith & Nephew product because he deemed the Smith & Nephew product "incorrectly" designed when compared with other manufacturers' products.

Dr. Hodurski's methodology for formulating his opinion that the Smith & Nephew constrained liner is incorrectly designed in comparison with constrained liners manufactured by other companies is practical experience in using constrained liners in the course of his treatment of his patients, as well as the experiences of other orthopedic surgeons with whom he practices. Such methodology does not constitute "junk" science. Dr. Hodurski merely compared the Smith & Nephew product with other similar products and found the Smith & Nephew product "incorrectly" designed. Dr. Hodurski's status as a clinician, a user of constrained liners, makes him a better expert witness than a researcher who does not routinely actually use constrained liners in treating patients.

Smith & Nephew seeks to rely on language from McClain v. Metabolife Int'l, Inc., 410 F.3d 1233 (11th Cir. 2005), and Rider v. Sandoz Pharmaceuticals Corp., 295 F.3d 1194 (11th Cir. 2002), where the plaintiffs sought to rely on "anecdotal information" from treating physicians to establish a general and/or specific causal linkage between ingestion of a drug and a patient's medical problem. In the present matter, Dr. Hodurski's challenged opinion is not a causation opinion. Instead, Dr. Hodurski opines that, based on his experience in using various constrained liners, the subject Smith & Nephew constrained liner was "incorrectly" designed. An experienced product user should be qualified to express a "design" opinion based on his comparison of similar products in "real life" use.

Contrary to Smith & Nephew's contention, Dr. Hodurski's stated opinion is reliable and admissible.

Respectfully submitted by:

                                           s/Tom Dutton
                                           Tom Dutton        ASB-2059-U50T
                                             Attorney for Plaintiffs
                                             PITTMAN, DUTTON, KIRBY
                                                 & HELLUMS, P.C.
                                             1100 Park Place Tower
                                            Birmingham, AL 35203
                                            (205) 322-8880 Telephone
                                            (205) 327-2711 Fax
                                            E-mail: tomd@pdkhlaw.com

OF COUNSEL:
PITTMAN, DUTTON, KIRBY
   & HELLUMS, P.C.
1100 Park Place Tower
Birmingham, Alabama 35203

## CERTIFICATE OF SERVICE

I hereby certify that on this the 30th day of October, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**James C. Barton, Jr., Esquire**
**James P. Pewitt, Esquire**
**Alan D. Mathis, Esquire**
**Lee McWhorter Pope, Esquire**

I further certify that I caused a copy of the foregoing document and the notice of electronic filing to be mailed by first class mail, postage paid, to the following non-ECF participant:

**None.**

                                             s/Tom Dutton
                                             Of Counsel