IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARY BLOODSWORTH and<br>JERRY BLOODSWORTH,<br><br>Plaintiffs,<br><br>vs.<br><br>SMITH & NEPHEW, INC., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NUMBER<br>)   2:05-cv-622-D<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MEMORANDUM BRIEF IN OPPOSITION TO
DEFENDANT'S "MOTION FOR SUMMARY JUDGMENT"**

In compliance with this Court's Order of October 13, 2006, Mary Bloodsworth and Jerry Bloodsworth offer this memorandum brief in opposition to the "Motion for Summary Judgment," filed by Smith & Nephew, Inc. For the reasons stated herein, plaintiffs ask this Court to deny this motion.

In seeking a summary judgment, Smith & Nephew asserted a single ground: "Plaintiffs have no admissible expert testimony in support of their claims that the Smith & Nephew hip prosthesis, or any component thereof, that was implanted into Mrs. Bloodsworth was defective and proximately caused plaintiffs' alleged injuries." Defendant Smith & Nephew, Inc.'s Motion for Summary Judgment ¶ 4. In their summary-judgment motion, Smith & Nephew expressly refers to its "companion" motion to exclude opinion testimony from Dr. Donald Hodurski. Id. In his deposition, a transcript of which Smith & Nephew has submitted, Dr. Hodurski stated that, based on his experience with constrained liners, the subject Smith & Nephew constrained liner

used in treating Mary Bloodsworth was "incorrectly" designed. (Hodurski Depo., pp. 26-29).

Smith & Nephew faithfully established that, in order to ultimately prevail in this lawsuit, the Bloodsworths must proffer admissible expert opinion testimony that the subject constrained liner is defective. The Bloodsworths concede that, without admissible expert opinion testimony, they cannot prove the "defectiveness" element.

Smith & Nephew's entitlement to the requested summary judgment is predicated on this Court granting their separately filed motion to exclude the expert opinion testimony of Dr. Hodurski. If Dr. Hodurski's opinion is not excluded, Smith & Nephew fails to demonstrate its *prima facie* entitlement to a summary judgment based on the sole asserted ground because Dr.Hodurski opines that the subject constrained liner was "incorrectly" designed when compared with constrained liners sold by Smith & Nephew's competitors.

Smith & Nephew's request for a summary judgment is due to be denied.

Respectfully submitted by:

 

s/Tom Dutton
Tom Dutton          ASB-2059-U50T
Attorney for Plaintiffs
PITTMAN, DUTTON, KIRBY
   & HELLUMS, P.C.
1100 Park Place Tower
Birmingham, AL  35203
(205) 322-8880 Telephone
(205) 327-2711 Fax
E-mail: tomd@pdkhlaw.com

OF COUNSEL:
PITTMAN, DUTTON, KIRBY
   & HELLUMS, P.C.
1100 Park Place Tower
Birmingham, Alabama 35203

## CERTIFICATE OF SERVICE

I hereby certify that on this the 30th day of October, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**James C. Barton, Jr., Esquire**
**James P. Pewitt, Esquire**
**Alan D. Mathis, Esquire**
**Lee McWhorter Pope, Esquire**

I further certify that I caused a copy of the foregoing document and the notice of electronic filing to be mailed by first class mail, postage paid, to the following non-ECF participant:

**None.**

s/Tom Dutton
Of Counsel