**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| MARY BLOODSWORTH and ) | |
| JERRY BLOODSWORTH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 2:05-cv-622-D |
| ) | |
| ) | |
| SMITH & NEPHEW, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT SMITH & NEPHEW, INC.'S**
**REPLY IN SUPPORT OF ITS MOTION TO STRIKE AND/OR EXCLUDE**
**AND ITS MOTION FOR SUMMARY JUDGMENT**

**I.  Plaintiffs' Expert Disclosure Should Be Stricken.**

In defense of their woefully deficient disclosure, plaintiffs argue only that Smith & Nephew, Inc. ("Smith & Nephew") was not prejudiced by a two-day delay in receiving the disclosure and that Smith & Nephew should not have been surprised that plaintiffs would "identify Dr. Hodurski as an expert witness and seek to solicit more details" about Dr. Hodurski's opinions.  (Plaintiffs' Opposition to Motion to Exclude, pp. 2-3) (Doc. #40). Plaintiffs miss the point.  Smith & Nephew agrees that it would not be prejudiced by a two-day delay in receiving a *Rule 26(a)(2)(B) expert report*.  Plaintiffs, however, have not provided a Rule 26(a)(2)(B) expert report.  Plaintiffs have provided only the name of a purported expert witness and a reference to a deposition transcript that is completely devoid of the details required by Rule 26(a)(2)(B).

The surprise and resulting prejudice to Smith & Nephew comes from plaintiffs' intent to "seek to solicit more details" about Dr. Hodurski's opinions.  The time for plaintiffs to "seek to

solicit more details" about Dr. Hodurski's opinions has come and gone. The time to seek those "details" was prior to the Court-imposed deadline of September 11, 2006. The time to present those "details" to Smith & Nephew was on or before September 11, 2006.

The requirement of an expert report under Rule 26 was created because "[t]he information disclosed under the former rule in answering interrogatories about the 'substance' of expert testimony was frequently so sketchy and vague that *it rarely dispensed with the need to depose the expert* and often was even of little help in preparing for a deposition of the witness." Fed. R. Civ. P. 26 Advisory Committee's Note, 1993 Amendments, Subdivision (a), Paragraph (2) (emphasis added). Yet, plaintiffs attempt to excuse their failure to present the substance of Dr. Hodurski's expected testimony by pointing out that Smith & Nephew has not sought to re-depose Dr. Hodurski. Plaintiffs' reasoning is backward – it is plaintiffs' responsibility, not Smith & Nephew's, to collect the details required by Rule 26(a)(2)(B):

> The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B).[1]

Smith & Nephew is now in the position of having to retain its own expert and provide an expert report[2] to respond to allegations for which plaintiffs have provided no basis. Without

---

[1] The fact that Dr. Hodurski was one of Mrs. Hodurski's treating physicians does not relieve plaintiffs of their obligation to provide a Rule 26(a)(2)(B) report. Plaintiffs have offered Dr. Hodurski as an expert on the design of Smith & Nephew constrained liners, not as Mrs. Bloodsworth's treating physician. Indeed, while Dr. Hodurski performed the implantation of Mrs. Bloodsworth's original hip replacement system and the first revision surgery, he did not perform Mrs. Bloodsworth's explantation surgery and there is no evidence that he ever even saw the subject product after its alleged failure. Dr. Hodurski's opinion about the design of Smith & Nephew constrained liners extends beyond his care and treatment of Mrs. Bloodsworth, and a Rule 26(a)(2)(B) report is, therefore, required. *See, e.g., Brown v. Best Foods*, 169 F.R.D. 385, 388-89 (N.D. Ala. 1996).

knowing the substance of plaintiffs' "expert" testimony, there is nothing to which Smith & Nephew can respond. Smith & Nephew should not have to take on the expense of retaining and preparing an expert and providing the required report to defend against what currently amounts to a worthless, baseless claim. Plaintiffs' disclosure should be stricken and this case should be dismissed.

## II. The Opinion of Plaintiffs' Expert Should Be Excluded.

Citing no legal authority for their position, plaintiffs claim that Dr. Hodurski's purported expert opinion is reliable and admissible. Plaintiffs ignore the fact that Dr. Hodurski has never designed the subject product or similar products and rely solely on his experience as an orthopedic surgeon. Plaintiffs downplay Dr. Hodurski's very limited experience with the subject product, citing his experience with other similar products, but fail to provide any details about his "general experience with similar constrained liners manufactured by other companies." (Plaintiffs' Opposition to Motion to Exclude, p. 3) (Doc. # 40). The only information in the record about Dr. Hodurski's use of similar products is that he had used "a Zimmer." (Hodurski Depo., p. 21, lines 8-19). Plaintiffs also point to the experiences of other orthopedic surgeons with whom Dr. Hodurski practices, but again fail to give details and fail to show how the uncontrolled, unscientific experience of other surgeons could be a suitable basis for an expert opinion under *Daubert*.

It is not Smith & Nephew's responsibility to establish that Dr. Hodurski is not qualified, that his opinion is not reliable, or that his opinion would not be helpful to the trier of fact. Rather, "the burden of establishing qualification, reliability and helpfulness rests on the proponent of the expert opinion." *McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1238 (11th

---

[2]  Pursuant to the Court's Scheduling Order, Smith & Nephew is to serve its expert report by December 7, 2006.

3

Cir. 2005) (quoting *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004)). Plaintiffs have not established that the basis of Dr. Hodurski's opinion is reliable or that his opinion would be helpful to the jury. His opinion is, therefore, due to be excluded.

### III.   Smith & Nephew's Motion for Summary Judgment Should Be Granted.

Plaintiffs concede that if their expert disclosure is stricken or their expert's opinion is excluded, Smith & Nephew's Motion for Summary Judgment would be due to be granted. (Plaintiffs' Opposition to Motion for Summary Judgment, p. 2) (Doc. # 41). Given the "expert" opinion sought to be offered by the plaintiffs, however, Smith & Nephew's Motion for Summary Judgment should be granted regardless of whether the Court grants its motion to strike and/or exclude.

To establish a prima facie case under the AEMLD, plaintiffs must show, among other things, that the subject product was <u>defective</u> and that it <u>caused</u> the plaintiffs' injury. *See, e.g., Cooper v. Toshiba Home Tech. Corp.*, 76 F. Supp. 2d 1269, 1276 (M.D. Ala. 1999). Because the product at issue in this case is "of a complex and technical nature such that a lay juror could not, in the absence of expert testimony, infer that a defective condition of the product caused the product's failure and caused the resulting injury to the plaintiff, expert testimony is a necessary component of . . . plaintiff's case." *Cooper*, 76 F. Supp. 2d at 1276. Although plaintiffs admit the necessity of expert testimony to establish their case, the opinion of Dr. Hodurski – the only "expert" identified by plaintiffs – establishes neither defect nor causation. Plaintiffs have stated unequivocally that "Dr. Hodurski's challenged opinion is not a causation opinion," (Plaintiffs' Opposition to Motion to Exclude, p. 4) (Doc. # 40), and Dr. Hodurski never testified that the subject product was defective, despite being asked that question twice by plaintiffs' counsel. Indeed, the only opinion given by Dr. Hodurski is that the design of Smith & Nephew's

constrained liner is "incorrect." (Plaintiffs' Opposition to Motion to Exclude, p. 4) (Doc. #40). Plaintiffs might be tempted to argue that an "incorrect" design is equivalent to a "defective" design, but it is the plaintiffs' own expert who struck a difference between the two: "I think the design is incorrect . . . *[w]hether the product is defective, I don't know that.*" (Hodurski Depo., p. 28, lines 19-21) (emphasis added).

Plaintiffs are left with an expert opinion that does not establish defect or causation. Accordingly, plaintiffs cannot establish their case and Smith & Nephew's Motion for Summary Judgment is due to be granted.

**IV.   Conclusion.**

For these reasons, and those stated in Smith & Nephew's Motion to Strike Plaintiffs' Expert Disclosure and Exclude Opinion Testimony of Plaintiffs' Expert, Donald F. Hodurski, M.D., and Smith & Nephew's Motion for Summary Judgment, Smith & Nephew respectfully requests that this Court strike plaintiffs' expert disclosure and/or exclude the opinion testimony of Donald F. Hodurski, M.D., and enter summary judgment in Smith & Nephew's favor.

> s/ Lee M. Pope
> Lee M. Pope
> Alabama Bar No: ASB-9286-P43L
> Email: lmp@jbpp.com
>
> One of the attorneys for Defendant,
> Smith & Nephew, Inc.

**JOHNSTON BARTON**
**PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue, North
Birmingham, Alabama 35203
Telephone: (205) 458-9400
Facsimile: (205) 458-9500

    **OF COUNSEL**

**CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed the above and foregoing with the Clerk of the Court on November 2, 2006, using the CM/ECF system, which will send notification of such filing to the following:

Tom Dutton, Esq.
PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North, Suite 1100
Birmingham, Alabama 35203
(205) 322-8880

                         s/ Lee M. Pope
                         Of Counsel

W0579269.DOC